J. L. HOLDING COMPANY, INC., et al., Appellants, *v.* ISIDOR REIS et al., Copartners under the Firm Name of I. REIS & Co., Respondents.

Contract — real estate brokers — action to recover on alleged agreement by real estate brokers to pay part of commissions as an inducement to owner to agree to exchange of property — erroneous dismissal of complaint — section 442 of Real Property Law forbidding splitting of commissions except with licensed salesmen or brokers not applicable.

1. A complaint alleging that defendants, real estate brokers, to induce plaintiff to agree to an exchange of its property promised to pay it a share of the commissions they would earn from the other party to the exchange, that relying on the promise plaintiff made the exchange in question and the defendants received their commissions but refused to live up to their agreement, states a good cause of action on a contract which is neither inherently illegal nor without consideration, and a dismissal thereof on motion for judgment on the pleadings is error.

2. A contention that the agreement sought to be enforced is on its face a violation of section 442 of the Real Property Law forbidding real estate brokers from splitting commissions except with licensed salesmen or brokers or one without the State, cannot be sustained. This section was intended to strengthen the general provisions that after October 1, 1922, no one should act as a real estate broker without a license and prevent unlicensed persons from shielding themselves from its penalties by using the name of a qualified broker and then demanding a part of the commissions earned and cannot be said to apply to an owner of property who consents to an exchange which the broker desired to effect for his customer.

3. In any event, the contract made in August, 1922, was unaffected. While the statute went into force in April no license was required until October. Up to that time a broker could conduct business and sue for and recover his commissions as theretofore. By fair intendment, section 442 must have reference to the same date. Commissions may not be divided except with a duly licensed real estate broker. As the original broker was not required to obtain his license before October first, so it must be with the broker who aided him in effecting the exchange.

*Holding Co.* v. *Reis*, 212 App. Div. 263, reversed.

(Argued June 1, 1925; decided July 15, 1925.)

Appeal, by permission, from an order of the Appellate Division of the Supreme Court in the first judicial department, entered March 13, 1925, which affirmed an order of Special Term granting a motion by defendants for partial judgment on the pleadings.

The following question was certified: " Was the order of the court at Special Term herein entered on the 13th day of May, 1924, granting the motion of the defendants for a partial judgment dismissing so much of the complaint herein as seeks to recover or to be credited with the sum of $5,000, as set forth in paragraphs sixth, seventh and eighth of the complaint and referred to in paragraphs ninth and tenth thereof, warranted by the pleadings and the bill of particulars of the plaintiffs herein? "

*Alexander Pfeiffer* and *Maurice Iserman* for appellants. The agreement of defendants whereby they promised to pay to or credit plaintiff J. L. Holding Co., Inc., with $5,000, is valid and supported by consideration. (1 Williston on Cont. 235; *Church* v. *Brown,* 21 N. Y. 314; *Evansville Nat. Bank* v. *Kaufmann,* 93 N. Y. 273; *Erie Co. Savs. Bank* v. *Coit,* 104 N. Y. 532; *Smith* v. *Molleson,* 148 N. Y. 241; *Forst* v. *Farmer,* 21 Misc. Rep. 64; *Wickes* v. *Martin,* 188 N. Y. Supp. 422.) Section 442 of the Real Property Law is not applicable to an agreement by a broker to divide commissions with a purchaser and a purchaser is not required to have a broker's license to sustain a recovery against the broker. (*O' Neil* v. *Sinclair,* 153 Ill. 525; 54 Ill. App. 298; *Miller* v. *Stevens,* 224 Mich. 626; *Ross* v. *New South Farm & Home Co.,* 191 Ill. App. 353.)

*Arnold Furst* and *Samuel I. Goldberg* for respondents. Section 442 of article 12-A of the Real Property Law includes all persons and none are excluded from its provisions. (*Roman* v. *Lobe,* 208 N. Y. Supp. 617.) Section

442 of the Real Property Law became effective on April 15, 1922, and is, therefore, applicable to the case at bar. (*Gusthal* v. *Strong*, 23 App. Div. 315.)

ANDREWS, J.   The plaintiff owned some premises on Creston avenue in the city of New York.   The Denwood Realty Company others on Broadway.   The defendants were real estate brokers interested in effecting an exchange of the two parcels.   The terms originally submitted were not satisfactory to the plaintiff.   Therefore, to induce it to agree to the transaction the defendants promised to pay it on demand $5,000 out of the commissions they were to earn from the Denwood Company for their services in the matter.   Relying on this promise the plaintiff did make the exchange in question.   The defendants received their commissions but they have refused to live up to their agreement.

The complaint contains other matters, but upon motion so much of it as has been referred to was dismissed. This was error.

If we consider these allegations without regard to any statute, they state a good cause of action.   There is nothing inherently illegal in such a contract.   It involved but a personal sacrifice on the part of the broker intended to advance the interests of his principal.   In no sense does he defraud the latter.   Nor does the complaint allege an agreement without consideration.   In reliance upon the defendants' accepted offer the plaintiff parted with its property.

The contract was made in August, 1922.   Article 12-A of the Real Property Law (Laws of 1922, chapter 672) took effect in April.   It is entitled " Real Estate Brokers and Real Estate Salesmen."   On its face the object is to protect buyers and sellers of real estate from dishonest or incompetent brokers.   After October 1, 1922, no one shall engage in such business, without a license, in or near the larger cities of the State — cities where obviously

the personal character and ability of a broker is not likely to be known to his employers. The application for the license must contain many specified particulars and such others as the licensing body may require "to enable it to determine the trustworthiness of the applicant * * * and his * * * competency to transact the business of real estate broker or salesman in such a manner as to safeguard the interests of the public." When issued the license is to be conspicuously displayed, evidently as an assurance to those who may desire to deal with the broker. The license also, after it is issued, may be revoked or suspended if the licensee has been guilty of fraud or has proved himself untrustworthy or incompetent. Then comes section 442, "Splitting Commissions. No real estate broker shall pay any part of a fee, commission or other compensation received by the broker to any person for any service, help or aid rendered * * * by such person to the broker in buying, selling, exchanging * * * any real estate, unless such person be a duly licensed real estate salesman regularly employed by such broker or a duly licensed real estate broker or a person regularly engaged in the real estate brokerage business in a State outside of New York."

It is said that the agreement here sought to be enforced is on its face a violation of this section. In other words, the owner of property which a broker desires to exchange for other property owned by his customer, renders service, help or aid to the broker if he consents to the exchange and, therefore, may not receive any part of a commission which the broker may earn. We cannot give the statute this interpretation. This section was intended to strengthen the general provision that after October 1, 1922, no one should act as a real estate broker without a license. Unlicensed persons were not to be allowed to shield themselves from its penalties by using the name of a qualified broker and then demanding a part of the commissions earned. That this is the true construction is

further indicated by section 442-f of the same statute. After making a violation of any of its provisions a misdemeanor it continues that if the offender shall have received any sum of money as commission, compensation or profit by or in consequence of his violation of the act he shall be liable to a penalty. These words fairly indicate that the service, help or aid rendered to the broker is some action by a third party for which commissions or compensation might otherwise be due him or because of which profit might otherwise have accrued to him. It can hardly be said that because an owner of property consents to its exchange he would have earned commissions or compensation or would have gained profit in the sense in which these words are used. Nor can it be said that in any reasonable sense the mere giving of such consent is the rendering of service, help or aid to the broker. It merely is a prerequisite to effecting the exchange. We must give to the statute a reasonable and fair construction.

Even were this not so, however, there is a further difficulty with the conclusion reached by the courts below. While the statute went into force in April no license was required until October. Up to that time a broker could conduct business and sue for and recover his commissions as theretofore. By fair intendment section 442 must have reference to the same date. Commissions may not be divided except with a duly licensed real estate broker. As the original broker was not required to obtain his license before October first, so it must be with the broker who aided him in effecting the exchange.

The orders appealed from should be reversed, with costs in all courts, and motion denied, with ten dollars costs, and the question certified answered in the negative.

HISCOCK, Ch. J., CARDOZO, McLAUGHLIN and LEHMAN, JJ., concur; CRANE, J., concurs on ground last stated in opinion; POUND, J., not voting.

Orders reversed, etc.