LOWEWNGARATT v. FREELAND

---

(June 24, 1929.  Opinion and Decree.)
(October 21, 1929.  Rehearing Refused.)
(December 3, 1929.  Writ of Certiorari and Review Refused by Supreme Court.)

---

J. C. Henriques, of New Orleans, attorney for plaintiff, appellee.

F. B. Freeland, of New Orleans, attorney for defendant, appellant.

JANVIER, J. Plaintiff sues for one-half of a real estate commission collected by defendant, alleging that he introduced to defendant a purchaser for certain property, for which defendant was agent, and that there was a prior agreement that one-half of the commission earned would be paid to plaintiff in the event of consummation of the transaction.

Defendant resists payment on two grounds—first, that, at the time of the making of the agreement to divide the commission, plaintiff falsely represented himself as being connected with a large local real estate agency, while in truth he had no connection whatever with that agency; and, second, that plaintiff is neither a licensed broker nor salesman, and, therefore, under the terms of sections 1, 2, and 19 of Act 236 of 1920, cannot recover, nor can defendant pay any portion of the commission.

It is not disputed that the sale was consummated nor that plaintiff produced the purchaser and, in addition to introducing him to defendant, was almost entirely responsible for the making of the sale.

Nor is it denied that defendant agreed to divide the commission. It is true that defendant contends that, at the time he agreed to divide the commission, if earned, he had been told that plaintiff was representing the office of Leo Fellman, a large real estate agency.

Even if it be conceded that there was misrepresentation on the part of plaintiff as to his connection with the Fellman office, and the record does not convince us that there was any such misrepresentation, it seems to us that it would be inequitable to allow defendant to reap the benefit flowing to him from the contract and yet to escape the payment he had agreed to make. It did not matter how large nor how small nor how prominent nor how obscure the agency with which plaintiff was connected might have been, it could not have been more successful in making the sale than was plaintiff, because he accomplished all that the owner of the property and all that the defendant required of him. No one could have done more.

However, as to this alleged misrepresentation, it is apparent from a letter written by defendant himself that he was told by the plaintiff that this particular transaction was not to go through the Fellman office. Defendant seeks to escape the effect of this statement in his letter by saying that he did not agree to this suggestion of plaintiff that the transaction was not being handled in connection with the Fellman office, but merely remained silent.

Under the circumstances, it was his duty, when plaintiff made the suggestion referred to, to refuse to allow the transaction to go through on that basis. He cannot passively acquiesce and later contend that he had not agreed thereto.

The second contention that plaintiff has no license, and therefore cannot claim part of the commission, cannot be sustained, in view of the decision of this court in Bosetta vs. Jacobs, 1 La. App. 277.

The facts of this case bring it squarely within the doctrine announced in the Bosetta case. There a young man, knowing of a prospective purchaser of a piece of real estate, made, with the agent with whom the property was listed, an agreement to receive a portion of the commission to be earned if he could introduce to the agent a person who would buy , property. The sale was made, but the agent refused to pay the young man his share of the commission. The same contention with which we are confronted was there made. This court, in the syllabus, said:

"A verbal contract by which 'A,' a licensed real estate broker, agrees with 'B'—not such a broker—that he will share part of his commission with 'B,' if the latter secures for 'A' a purchaser of property listed by 'A,' is not a contract prohibited by Act 236 of 1920. Such a contract will be enforced, where 'B's' services are shown to have been successfully rendered."

We do not see that any benefit could be derived from our attempting to add anything to what this court said in the Bosetta decision nor from our attempting to discuss the proposition "de novo." Suffice it to say that we are entirely unable to find any distinction between the two cases. Counsel for the defendant suggests that there is a distinction resulting from the fact that in the Bosetta case all that the plaintiff did was introduce the prospective purchaser to the agent, whereas here he not only introduced the prospective purchaser, but actively assisted in the consummation of the sale. If he is entitled to be paid for services rendered merely because he introduced the prospective purchaser, it would be most illogical to hold that he lost the right to be paid for the services when he went further and assisted in the completion of the trade.

Plaintiff was under the impression that defendant was to receive a commission of 5 per cent on the property. He thus sued for $800, which was one-half of a commission of 5 per cent on $32,000, the purchase price. The evidence shows that the commission received was 4 per cent, and that therefore the plaintiff was entitled to $640, which was one-half of the 4 per cent commission.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be, and it is, affirmed, at the cost of appellant.