## W. W. GREGORY V. HERBERT ROEDENBECK.

No. 8124. Decided October 20, 1943.
Rehearing overruled November 10, 1943.
(174 S. W., 2d Series, 585.)

544

*W. M. Crook,* of Beaumont, for petitioner.

The Court of Civil Appeals erred in holding that the section of the Real Estate Dealer's License Act, requiring any person defined by the act as real estate dealer to hold a real estate dealer's license as a prerequisite to the right to bring an action for the collection of compensation, was unconstitutional, and in holding that said act was not applicable to plaintiff, in this case. Travis v. Duffau, 20 Texas 49; Atwood v. State, 135 Texas Crim. Rep. 453, 121 S. W. (2d) 353; Kadane v. Clark, 135 Texas 496, 143 S. W. (2d) 197.

*W. T. McNeill,* of Beaumont, for respondent.

The definition of a real estate· dealer or salesman, as given in the statute under consideration, does not include the act done by the respondent in this instance, as he only gave defendant the name of the party who later purchaser the property, for which information defendant had agreed in writing to pay him. Medlin v. Seideman, 88 S. W. 250; National Surety Corp. v. Ladd, 115 S. W. (2d) 600.

MR. JUSTICE SHARP delivered the opinion of the Court.

This suit was brought by Herbert Roedenbeck against W. W. Gregory, to recover one-half of the commission earned by Gregory on the sale of certain lands to a purchaser whose name had been furnished by Roedenbeck to Gregory pursuant to contract. The trial court rendered judgment for the petitioner, Gregory, because the plaintiff did not have a license under the Real Estate Dealers' License Act, Article 6573a, Vernon's Annotated Civil Statutes. Upon appeal, the Court of Civil Appeals reversed the judgment of the trial court and rendered judgment for Roedenbeck, holding that the Act was inapplicable to a case where a party merely furnished the name of a prospective purchaser; and, also, that the Act would be unconstitutional if applied to this transaction. 169 S. W. (2d) 780. This Court granted a writ of error on Points 1 and 2, having reference to the construction and validity of the Act.

On the 14th day of July, 1941, Roedenbeck, a rice farmer, visited Gregory, who was a licensed real estate dealer. Gregory informed Roedenbeck that he was an agent for the sale of certain lands; and an agreement was reached whereby Roedenbeck was to furnish the name of a prospective purchaser, and in return was to receive one-half of Gregory's commission, when and if the sale was consummated. Roedenbeck gave Gregory the name of C. Doornbos, to whom 2740 acres of the land were sold on the 18th day of December, 1941. Both the trial court and the Court of Civil Appeals found that Roedenbeck fully performed his contract.

Roedenbeck was not, and never has been, a licensed real estate dealer, and this was the only time he furnished to a dealer for a valuable consideration the name of a prospective purchaser. His only connection with the sale was the furnishing of the name of Doornbos as a prospective purchaser. The commission on the sale to Doornbos amounted to $3,288.00. When Gregory repudiated his contract on January 6, 1942, and refused to pay him one-half of the commission, Roedenbeck filed this suit to recover one-half of the $3,288.00, and ran garnishment proceedings to impound the commission earned by Gregory. Gregory answered that his contract with Roedenbeck was void, because it violated the provisions of the Real Estate Dealers' License Act, and filed a cross action for damages for the garnishment. On trial without a jury, judgment was rendered that plaintiff recover nothing, and that defendant recover damages for the garnishment.

The Legislature enacted the Securities Act, Article 600a, Vernon's Annotated Civil Statutes. (See also Article 1083a,

Vernon's Annotated Penal Code.) That law is similar to the Act before us, and has been upheld by the courts of this State. Kadane v. Clark, 135 Texas 496, 143 S. W. (2d) 197; Atwood v. State, 135 Texas Crim. Rep., 543, 121 S. W. (2d) 353. Real estate dealers' license laws have been held valid in other States. Little Rock v. Barton, 33 Ark. 436; Yount v. Denning, 52 Kan. 629, 35 Pac. 207; Riley v. Chambers, 181 Cal. 589, 185 Pac. 855, 8 A. L. R. 418; Haas v. Greenwald, 196 Cal. 236, 237 Pac. 38, 59 A. L. R. 1493, (aff. 275 U. S. 490, 48 S. Ct. 33, 72 L. Ed. 389); Bratton v. Chandler, 260 U. S. 110, 43 S. Ct. 43, 67 L. Ed. 157; St. Louis v. McCann, 157 Mo. 301, 57 S. W. 1016; Payne v. Volkman, 183 Wis. 412, 198 N. W. 438.

The pertinent parts of the statute are as follows:

Section 2, Subsection (a) 1. "The term 'Real Estate Dealer' shall include every person or company, other than a salesman, and licensed and registered attorneys, * * * who advertises, or holds itself, himself, or themselves out as engaged in the business of selling, exchanging, buying, renting, or leasing real estate, *or assists or directs in the procuring of prospects,* or the negotiation or closing of any transaction which does or is calculated to result in the sale, exchange, leasing, or renting of any real estate, * * *." (Italics ours.)

Section 2, Subsection (b). "The term "Real Estate Salesman' shall mean and include any person or company employed or engaged by or in behalf of a licensed real estate dealer to do or deal in any *act,* acts, or transactions set out and comprehended by the definition of a 'Real Estate Dealer' in Section 2, Subsection (a) of this Act." (Italics ours.)

Section 2, Subsection (c). "If the sense requires it, words in the present tense include the future tense; in the masculine gender, include the feminine or neuter gender; in the singular number, include the plural number; *in plural number, include* the *singular number;* 'and' may be read 'or'; and 'or' may be read and'." (Italics ours.)

Section 4. "Any one act set out in Section 2, Subdivision (a) of this Act when performed for another or others for compensation or valuable consideration or who with the intention or in the expectation or upon the promise of receiving or collecting compensation shall constitute a person or company performing, offering or attempting to perform such act or acts, a real estate dealer or a real estate salesman within the meaning of this Act."

Section 11, Subdivision 5, authorizes the administrator to suspend or revoke or refuse to renew a license of any real estate dealer who has "Paid commissions or fees to, or divided commissions or fees with anyone not licensed as a real estate dealer or salesman."

Section 13 provides: "No person or company engaged in the business of acting in the capacity of a real estate dealer or real estate salesman within this State shall bring or maintain any action in the courts of this State for the collection of compensation for the performance of any of the acts mentioned in Section 2, Subdivision (a) hereof, without alleging and proving that such person or company was a duly licensed real estate dealer or salesman at the time the alleged cause of action arose."

Section 20. "It shall be unlawful for any real estate dealer or real estate salesman to offer, promise, allow, give, or pay directly or indirectly any part or share of his commission or compensation arising or accruing from any real estate transaction to any person who is not a licensed dealer or salesman in consideration of service performed or to be performed by such unlicensed person, * * *."

■ When a business, otherwise private in nature, becomes affected with the public's interest, such business may be reasonably regulated by the State under the police power. Commercial Standard Insurance Co. v. Board of Insurance Commissioners of Texas (Civ. App.), 34 S. W. (2d) 343 (writ refused) ; 16 C. J. S., p. 558, and cases cited in footnotes.

■ The rule is generally accepted that the regulation of real estate dealers falls within the police power of the State. Riley v. Chambers, 181 Cal. 589, 185 Pac. 855, 8 A. L. R. 418; Roman v. Lobe, 243 N. Y. 51, 152 N. E. 461, 50 A. L. R. 1329; 16 C. J. S., pp. 558 and 559, and cases cited in footnotes.

Some parts of this Act have been sustained by the courts of Texas. Landis v. W. H. Fuqua, Inc. (Civ. App.), 159 S. W. (2d) 228 (writ refused) ; Goen et al v. Hamilton (Civ. App.), 159 S. W. (2d) 231.

■ The Court of Civil Appeals construed the definition of a real estate dealer as including only one who is in the *business* of furnishing the names of prospective purchasers. In our opinion, such construction is erroneous. This holding overlooks the plain and specific language used in the Act. That court also said that

if its first construction was too restrictive, it was of the opinion that Section 2(a) applies only in the plural,—that is, that a person has to secure "prospects" in order to come within its terms. It is true that the word "prospects" is used in the plural in that section, but Section 2(b), Section 2(c), and Section 4 make it plain that the Act was intended to apply to a single act or transaction in any situation where it would be applied to a series of acts. No other meaning can be attributed to Section 2(b). By its very terms it applies to *"act,* acts, or transactions." It provides that any one act set out in Section 2(a) shall constitute a person a real estate dealer. The Court of Civil Appeals construed this section in connection with its own construction of Section 2(a), and said that the one act contemplated by Section 4 was really a series of acts, i. e., the procuring of more than one prospect. That construction seems to be unduly restrictive. The intent of the statute must be gleaned by reading every provision in connection with the context, and giving every provision a meaning.

It is true that the general rule is that a person engaged in other business, who acts as a broker on a single occasion but not as a regular business, is not precluded from recovering compensation by reason of having failed to procure a broker's license, pursuant to a statute requiring those engaged in the business of a broker to obtain a license. See annotations in 30 A. L. R., p. 858. But this rule is subject to the qualification that when the statute is specifically directed at *one act,* the actor is precluded from recovering compensation. Wise v. Radis, 242 Pac. 90. The cases which form the basis for the above-stated general rule are concerned with particular statutes which do not profess to cover one isolated transaction. To say that one act contemplated by Section 4 really means a series of acts, is to defeat the expressed purpose of the Legislature.

There are decisions which hold that an unlicensed person can recover compensation when all that is done is to furnish the names of prospective purchasers. Sheppard v. Hulseberg, 171 La. 659, 131 So. 840; Lowewngaratt v. Freeland, 11 La. App. 582, 123 So. 340; Harlan v. Simering, 163 Md. 609, 163 Atl. 693; Trainer v. Deemer, 5 Harr. 396, (Del.), 166 Atl. 657; Shaffer v. Beinhorn, 190 Cal. 569, 213 Pac. 960. In all of those cases however, the license statute involved did not have the peculiar wording of the Texas Act, i. e., "or assists or directs in the procuring of prospects." So all that can be gleaned from those decisions is the rule that when the statute purports to apply only to persons in *negotiating,* a person who merely furnishes the

name of a purchaser does not come within its terms. We have made an extensive examination of the statutes of other states, which regulate real estate brokers, and we have found no other statute which contains language similar to that above quoted from the Texas Act. Therefore the decisions of other jurisdictions are not controlling in the construction of the Texas Act.

Section 20 prohibits any dealer or salesman from paying any part of his commission to a person who is not licensed under the Act, in consideration of service. The language used is plain and unambiguous. In this instance Roedenbeck initiated the transaction. He was the moving factor in the deal. Admittedly he was an unlicensed person, and it can hardly be contended that the furnishing of the name of a prospective purchased did not amount to a service performed. He entered into a purported contract for one-half of the commission to be paid. He was vitally and materially interested in the consummation of the sale of the land. He claimed for his services one-half of the commission to be paid for the consummation of the deal. Under these facts he came under the provisions of the Act.

We hold that the enactment of the Real Estate Dealers' License Act, regulating those who may make sales of real estate, was a proper exercise of the police power of the State, and that the Act is valid.

■ We further hold that the performance for compensation of one act by a person, in connection with the procurement of a prospect for the sale or purchase of real estate, constitutes such person performing the act a real estate dealer within the meaning of the Real Estate Dealers' License Act. See J. L. Holding Co. v. Reis, 212 App. Div. 263, 208 N. Y. Supp. 560 (rev. in 240 N. Y. 424, 148 N. E. 623) ; Haas v. Greenwald, 196 Cal. 236, 237 Pac. 38, 59 A. L. R. 1493 (aff. 275 U. S. 490, 48 S. Ct. 33, 72 L. Ed. 389) ; Massie v. Dudley, 173 Va. 42, 3 S. E. (2d) 176; Cosner v. Hancock, 149 S. W. (2d) 239 (error dismissed, judgment correct.)

The judgment of the Court of Civil Appeals is reversed, and the judgment of the trial court is affirmed.

Opinion delivered October 20, 1943.

Rehearing overruled November 10, 1943.