**W. E. HOWARD, Appellant,**

v.

**A. Pollard SIMONS et al., Appellees.**

**No. 15017.**

Court of Civil Appeals of Texas. Dallas.

Dec. 9, 1955.

Rehearing Denied Jan. 6, 1956.

DIXON, Chief Justice.

Appellant W. E. Howard, as plaintiff, sued appellees A. Pollard Simons, Guy T. Jones, W. J. Allison, A. P. Simons Mortgage Company, a corporation, and J. A. S. Corporation for $40,000 which he claims is due him as a real estate commission. Appellant alleged that he procured the sale for a consideration of $800,000 of a 75-year lease owned by appellees on downtown real estate, including a modern office building which appellees had built on the property. This appeal is from a summary judgment in favor of appellees.

The parties entered into a stipulation in which, among other facts, they agreed that (1) appellant's cause of action is based solely on an alleged oral contract; (2) appellant did not, at any time involved in this lawsuit, have a license issued under The Real Estate Dealers License Act, being art. 6573a, Vernon's Ann.Civ.St.; (3) appellant did hold a license for dealers in securities issued under the provisions of "The Securities Act," being art. 600a, V.A.C.S.; (4) the leasehold estate involved herein was not an oil and gas interest in said land; and (5) though appellees filed denials, there were no issues of fact involving the grounds upon which summary judgment is sought.

In 1955 the 54th Legislature amended Art. 6573a, known as "The Real Estate Dealers License Act," making numerous changes including changes in the numbering of the Sections and other subdivisions. However at all times material to this appeal the old law was in effect, and all citations herein will refer to the old law as it existed prior to the 1955 Amendment.

Since the enactment of Art. 6573a, V.A.C.S. it has been the law that an action for a real estate commission may not be brought or maintained in the courts of Texas if the party seeking to recover is not a licensed real estate dealer or salesman, or if the suit is based on an oral contract. See Art. 6573a, secs. 13 and 22, V.A.C.S.; Gregory v. Roedenbeck, 141 Tex. 543, 174 S.W.2d 585; Denman v. Hall, 144 Tex. 633, 193 S.W.2d 515.

Lester L. May and Joe H. Jones, Dallas, for appellant.

Bowyer, Gray, Thomas, Crozier & Harris, and J. W. Hassell, Jr., Dallas, for appellees.

In view of the stipulations between the parties and the law as above stated, it might seem that this appeal should be decided in favor of the summary judgment without further discussion. However appellant points to Art. 6573a, sec. 3(c), and vigorously contends that since he has a license as a dealer in securities he is by the express provisions of the statute itself exempt from any and all of the restrictions of "The Real Estate Dealers License Act," including sections 13 and 22.

The particular provisions in Art. 6573a relied on by appellant have been repealed, but were in effect at all times material to this controversy. We quote material parts of the statute: "Sec. 3. The provisions of this Act shall not apply to, and the terms 'Real Estate Dealer' and 'Real Estate Salesmen,' as above defined, shall not include: * * * (c) Any person, partnership, or corporation who has secured a license under Texas Securities' Act, House Bill No. 521, Regular Session, Forty-fourth Legislature."

■■ Art. 6573a contains both remedial and penal provisions. In this case no attempt is being made to invoke the penal provisions—only the remedial provisions are before us for interpretation. Therefore we must apply the rules of liberal construction. In discussing another statute our Supreme Court has laid down the principle which must control here: " 'Where a statute is both penal and remedial, as where it is penal in one part and remedial in another part, it should be considered as a penal statute when it is sought to enforce the penalty, and as a remedial statute when it is sought to enforce the remedy.' 59 C.J., p. 1121, sec. 662. See also 50 Amer.Jur., p. 444, sec. 423. In this proceeding there is no effort made to invoke the penal provision of the statute and the rule of liberal construction must prevail." Board of Ins. Com'rs v. Great Southern Life Ins. Co., 150 Tex. 258, 239 S.W.2d 803, 809.

■ In our opinion Art. 6573a, sec. 3(c), then in effect, did not under the undisputed facts before us, give appellant an exemption from the restrictions imposed by Art. 6573a,

secs. 13 and 22. The intention of the Legislature, we believe, was to make sure that licensed securities dealers when and if they were operating within their own field, namely, the sale of securities, did not run afoul of some of the provisions of "The Real Estate Dealers License Act." It was not intended to give licensed securities dealers an exemption when they were not acting as securities dealers, but were acting only as real estate dealers. A better understanding of such limited intention will be aided by a brief study of "The Securities Act," Art. 600a.

■ In Texas "The Securities Act" is unique, in that it includes oil and gas interests as securities. Art. 600a, sec. 2(a). Yet oil and gas interests, prior to severance of oil or gas from the soil, are also classified as real estate. Elliff v. Texon Drilling Co., 146 Tex. 575, 210 S.W.2d 558, 4 A.L.R.2d 191. Thus there might have been serious confusion and possible conflict when a licensed securities dealer, engaged in selling oil and gas interests *as securities,* was confronted with the provisions of "The Real Estate Dealers License Act" pertaining to the sale of real estate. Art. 6573a, sec. 3 (c), would give the securities dealer protection from this overlapping of oil and gas interests as securities and as real estate, as long as the securities dealer was operating *as a securities dealer* selling oil and gas interests. In the instant case it was stipulated that no oil or gas interests were involved in the leasehold estate in question, so Art. 6573a, sec. 3(c), was not applicable.

To interpret the provisions in question as appellant would have us do, would be to destroy the effectiveness of "The Real Estate Dealers License Act." For all a person would need to do to completely evade its provisions would be to take out a license as a securities dealer under the "Texas Securities Act." We feel certain that the Legislature had no such intention in mind.

Appellees offer the additional argument that under appellant's interpretation of the statute, it would be necessary to declare the statute unconstitutional as discriminatory and as class legislation. Since we are not

accepting appellant's interpretation as correct we see no need to pass on the question of constitutionality as raised by appellees.

We have considered all of appellant's points, and as the holdings above are decisive of all of them, they are all overruled.

The judgment of the trial court is affirmed.