

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

October 23, 1957

Honorable L. D. Ransom,
Administrator,
Texas Real Estate Commission,
Austin, Texas

Opinion No. WW-287

Re: Construction and constitutionality of certain provisions of the Real Estate License Act of 1955 (Senate Bill No. 209, Acts of the 54th Legislature, Regular Session, Chapter 383, page 986) which defines "Real Estate Broker" and provides for licensing of such Brokers.

Dear Mr. Ransom:

In your letter of September 24, 1957, you ask for an opinion of this office as to whether Lake Alaska, Inc. is required to obtain a license as a real estate broker by the above named Act, which is codified as Article 6573a, Vernon's Civil Statutes. You state that this corporation was chartered under the provisions of Article 1302, Vernon's Civil Statutes, and that it acquired title to a tract of land in Brazoria County in 1954, and thereafter subdivided the land into lots. It offers the lots for sale to the public in a sales campaign via newspaper, radio and television. Neither the corporation nor its salesmen hold licenses as real estate brokers or salesmen.

It is not clear from the file and investigation report which you enclose, whether this property or other property acquired by the Corporation in Galveston County is still owned by it. However, recent advertisements show that it is still advertising both "Lake Alaska" and the Galveston County property known as "Sea Isle".

The charter obtained by this corporation, on file with the Secretary of State, discloses that it is formed "for the purpose of . . . purchasing, selling and subdividing real property in towns, cities and villages in their suburbs not extending more than two miles beyond their limits" and for other purposes specified by Subdivision 47 of Article 1302, Vernon's Civil Statutes.

The Real Estate License Act, hereafter referred to as the Act, became effective June 1, 1955. It supplanted earlier Acts of 1939 and 1949, the so-called "Real Estate Dealers

License Act". The definition of "real estate broker" is found in Section 4. In subdivisions (1) and (2) of that Section, the definition of broker conforms to the classical definition of broker, and contemplates that the real estate broker shall act "for another" and shall be an intermediary or agent between two principals.

Subdivision (3) of Section 4 reads as follows:

"(3) The term 'Real Estate Broker' shall also include any person, partnership, association, or corporation engaged in the business of buying, selling, exchanging, leasing, renting of property for himself or itself, or who holds himself, themselves or itself out as a broker in real estate, or engages in the activities of a Real Estate Broker as an occupation, business or profession on either a full or part-time basis." (Emphasis ours)

The first half of this Section gives rise to the question of whether the Legislature intended to bring within the purview of the Act the owners of property and, if so, under what specific conditions? Subdivision (4) of Section 6 (relating to "exemptions") deals further with the subject. It reads:

"(4) This Act shall not apply to the sale, lease or transfer of any property when such sale, lease or transfer is made by the owner, or one of the owners, or the attorney for said owner or owners, or his or its regular employees, unless the owner or owners or the attorney for said owner or owners is engaged wholly or in part in the business of selling real estate." (Emphasis ours)

No decision has yet been found construing these provisions, nor have we been able to find statutes of other states containing similar language.

Although the word "ownership" is not used in the first half of subdivision (3) of Section 4, the phrase "for himself" contains the necessary implication of ownership, so that this Section must be construed as a legislative declaration that an owner of property may nevertheless be a broker, if such owner is "engaged in the business of buying, selling, exchanging, leasing, renting of property for himself or itself". The meaning of this language is rendered difficult by the fact that neither the word "and" nor the word "or" is used between the various types of activities referred to. It would certainly seem insupportable to say that the Legislature intended to require the licensing of any individual or corporation which is

engaged only in "the business of buying . . . of property for himself or itself". However, in this case the corporation is both buying and selling real estate. Therefore, it is our opinion that the combined activity of buying and selling may constitute "engaging in a business" within the meaning of the Act.

Under the facts of this case the owner was buying and selling real estate, employing salesmen on a commission basis, advertising widely the sale of real estate, and was expressly incorporated for the very purpose of "purchasing, selling, and subdividing real property . . ." Thus the corporation is "engaged in the business of buying, selling, . . . of property for himself or itself" and is "engaged in the activities of a Real Estate Broker . . ." under Section 4, Subdivision (3) of the Act. This would be especially true if it had transferred title to "Lake Alaska" to someone else and is continuing to sell the lots. Indeed, this would render it a broker under Subdivision (1) of Section 4.

Nor is the subject corporation exempt, as an owner, by Section 6, Subidivision (4). The sales here are not made by either an attorney or "regular employees", but by salesmen on a commission basis, i. e. as independent contractors. Great Western Drilling Co. v. Simmons, 302 S.W. 2d 400 (Sup. Ct. 1957 Moreover, the corporation is "engaged wholly or in part in the business of selling real estate".

Whether or not a person or a corporation is in fact "engaged in the business of selling real estate" would depend upon the activities of such a person or corporation in each particular case. The sworn admission contained in Lake Alaska's corporate charter that it is in the business of purchasing and selling real property, coupled with the practices above outlined is, in our opinion, conclusive of this particular case.

Turning to the question of constitutionality, we find that the purpose of the Real Estate License Act was to protect the public from fraudulent misrepresentation by sellers of real estate through the registration and regulation of those who deal with the public in real estate. "We hold that the enactment of the Real Estate Dealers' License Act, regulating those who may make sales of real estate, was a proper exercise of the police power of the State . . ." Gregory v. Roedonbeck, 141 Tex. 543, 174 S.W. 2d 585 (1943). The fact that the traditional definition of "broker" has been expanded to include owners under certain circumstances is not obnoxious to the due process clause or any other constitutional provision. In holding the analogous provision of the Texas Securities Act to be valid it was stated:

"The Legislature transcended no constitutional limitation in requiring owners of securities to register when the things they do place them in the category of dealers." Atwood v. State, 121 S.W. 2d 353 (Tex. Crim. 1938).

An owner of real estate properly may be prohibited from selling it without a license where he is engaged in the business of selling real estate. Therefore, in our opinion the provisions bringing owners of property within the provisions of the Act under the specified conditions are not unconstitutional.

## SUMMARY

Lake Alaska, Inc. is engaged in the business of selling real estate, and is therefore subject to the licensing requirements of the Real Estate Licensing Act. Sections 4 (3) and 6 (4) of the Real Estate Licensing Act are constitutional.

Yours very truly,

WILL WILSON
Attorney General of Texas

By _Ralph R. Rash_
Ralph R. Rash
Assistant

_Maco Stewart_
Maco Stewart
Assistant

RRR:jl:pf

APPROVED:

OPINION COMMITTEE

Geo. P. Blackburn, Chairman

Fred Werkenthin
Richard B. Stone
W. V. Geppert
J. Milton Richardson
C. K. Richards
Mrs. Marietta Payne
Wayland C. Rivers, Jr.