JOHN G. STRONG, Petitioner, v MARIO M. CUOMO, as Secretary of State of the State of New York, et al., Respondents.—Proceeding pursuant to CPLR article 78 to review so much of a determination of the respondent Secretary of State, dated December 27, 1977, as, after a hearing, found that the petitioner had demonstrated untrustworthiness as a real estate broker under subdivision 1 of section 441-c of the Real Property Law and suspended his license as a broker for a period of one year. Determination confirmed insofar as reviewed and proceeding dismissed on the merits, with costs. The facts relevant to this proceeding, as found by the hearing officer, are undisputed: In March, 1970 petitioner entered into an agreement with Shoreline Realty, Inc. (Shoreline), a licensed real estate broker, to "co-broker" the sale of certain tracts of land. Shoreline was represented in the transaction by its salesman, Henry Norman. Petitioner agreed to pay Shoreline $175,000 as its share of the commission upon the closing of title. Of this amount, petitioner paid $30,000 by check drawn to Shoreline and, at Norman's request, paid the remaining $145,000 by checks drawn or indorsed to Hilltop Sag Harbor Corp. and Argyle Recreation Corp. with the following legend: "Commissions and fees paid in full." Norman was president of both corporations. Neither Hilltop Sag Harbor Corp. nor Argyle Recreation Corp. was a licensed real estate brokerage corporation, nor was Norman a licensed real estate broker. Moreover, prior to making these payments, petitioner had obtained a general release from Shoreline's president, John Andersen, in the form of a receipt for the $30,000 as payment in full for commissions earned on account of the sale. The hearing officer found that the petitioner "knew all along" that Norman had intended to divert commissions from Shoreline to the two afore-mentioned unlicensed corporations "for some ulterior motive". In our opinion, this finding is supported by substantial evidence. Petitioner urges the court that the hearing officer's conclusion that the diverted payments constituted the splitting of commissions, which is prohibited by section 442 of the Real Property Law, was erroneous as a matter of law. The gravamen of petitioner's contention is that the hearing officer incorrectly found that unlicensed corporations rendered "service, help or aid" in the land sale transaction, as proscribed by section 442. The hearing officer based her finding, among other things, on petitioner's in-dorsement of the checks to Norman's corporations as "Commissions * * * paid in full", and on the fact that petitioner, who "was certainly very close to Norman", never inquired "whether these two other corporations were licensed brokers, who their principals were, what services they had rendered, or why they were receiving these sums." We agree with the petitioner that section 442 of the Real Property Law prohibits the splitting of fees by a real estate broker with unlicensed persons acting as brokers in real estate transactions, but unlike the petitioner, we conclude that the determination that petitioner violated section 442 was correct. The record herein concededly contains no direct, credible evidence that Norman's corporations actually performed any broker's services in the underlying land sale transaction. Nevertheless, in view of the finding, supported by

substantial evidence, that petitioner knew of Norman's intent to appropriate Shoreline's commissions by diverting payment of $145,000 to the unlicensed corporations, petitioner cannot now be heard to claim that Norman's participation in the land sale transaction was solely as salesman for Shoreline, and not as an individual or an officer of the unlicensed corporations. Whether Norman's conduct actually amounted to the rendering of services by the two unlicensed corporations (as found by the respondents), we find unnecessary to determine, however, as the clear import of the findings is that the intended effect of this maneuvering was to compensate Norman, directly or indirectly, and in excess of his legitimate salesman's commission from Shoreline, for real estate services rendered by him in connection with the sale. Since Norman was neither "a duly licensed real estate broker" nor a "licensed real estate salesman regularly employed" *by the petitioner* (see Real Property Law, § 442), the benefit which accrued to him is precisely the ill which section 442 was intended to avoid (see *Holding Co. v Reis,* 240 NY 424, 427-428). The determination that petitioner had demonstrated untrustworthiness as a real estate broker is thus legally sound. We have considered petitioner's remaining contentions and find them to be without merit. Gulotta, J. P., Shapiro, Cohalan and Margett, JJ., concur.