OPINION OF THE COURT
Lawrence E. Kahn, J.
This is a motion and cross motion for summary judgment. The parties hereto have stipulated that this matter shall proceed by motion for summary judgment pursuant to CPLR 3212, for a declaratory judgment determining the rights and relations of the parties in accordance with section 442 of article 12-A of the Real Property Law.
The pertinent facts surrounding the transactions giving rise to the instant action are not in dispute. During the time in question, the plaintiff was employed by the defendant, Frank J. Nigro Real Estate as a salesperson duly licensed by the State of New York. On or about June 21, 1977, the plaintiff listed certain real estate with defendant. This property was conveyed by the plaintiff to a third party on or about October 15,1979. The real property in question was formerly owned by plaintiff’s father. Upon his demise, the plaintiff was duly appointed as the executor of his father’s estate and was a beneficiary under the last will and testament.
*527 Specifically at issue is whether the defendants are precluded from paying any fees, commissions, or other compensation to the plaintiff for the listing or sale of the real estate in question by the terms of section 442 of the Real Property Law. At the time the sale was consummated, the statute provided that:
“No real estate broker shall pay any part of a fee, commission or other compensation received by the broker to any person for any service, help or aid rendered in any place in which this article is applicable, by such person to the broker in buying, selling, exchanging, leasing, renting or negotiating a loan upon any real estate, unless such a person be a duly licensed real estate salesman regularly employed by such broker or a duly licensed real estate broker or a person regularly engaged in the real estate brokerage business in a state outside of New York.
“Except when permitted pursuant to the foregoing provisions of this section no real estate broker shall pay or agree to pay any part of a fee, commission, or other compensation received by the broker, or due, or to become due to the broker or any person, firm or corporation who or which is or is to be a party to the transaction in which such fee, commission or other compensation shall be or become due to the broker.”
Defendants contend that the plaintiff, in his capacity both as executor, and as a real party in interest as a beneficiary under the will, is precluded by the second paragraph of the statute from receiving a listing commission. They argue that the import of that portion of the statute is not limited solely to a class of persons who are the “owner”, but rather, that the statute contemplates the prohibition on the payment of fees to a broader class of individuals including both executors and beneficiaries under a last will and testament by which the realty is to be conveyed. This court agrees with defendant’s interpretation of the Legislature’s intent in the enactment of that portion of the statute. The plaintiff, if his sole relationship to the transaction was as either executor or beneficiary of the estate, would be a “party to the transaction”, and thus prohibited from receiving a fee or commission. However, such a finding is not dispositive of the issue at bar, in that *528 the plaintiff also participated in the transaction in his capacity as a duly licensed real estate salesman by the listing of the property with the defendant.
“[S]ection 442 of the Real Property Law prohibits the splitting of fees by a real estate broker with unlicensed persons acting as brokers in real estate transactions”. (Strong v Cuomo, 67 AD2d 705.) It is clear, that since the enactment of these provisions of the Real Property-Law in 1925, the courts have interpreted the statute to be a legislative mandate to prohibit unlicensed individuals from acting as real estate brokers and salesmen. (See J.L. Holding Co. v Reis, 240 NY 424, and cases thereafter.) The first paragraph of the statute specifically authorizes the common practice of paying a listing commission to a duly licensed real'estate salesman. Further, and most significantly, the second paragraph of the statute prohibits the splitting of a commission with a party to the transaction except “when permitted pursuant to the foregoing provisions”. Thus, it is apparent that the Legislature intended not to preclude a duly licensed real estate broker or person from obtaining a commission upon the sale of the property where such duly licensed individual is a party to the transaction.
Accordingly, for the reasons hereinabove set forth, this court finds that as a matter of law, former section 442 of the Real Property Law prohibits the division of a commission or fee with a party to a real estate transaction only in those instances when said party is not a duly licensed real estate salesperson or broker.