OVERTON, J.
 

 Plaintiff brought this suit to recover of defendant $1,000, alleged to be due him, as commission, under a contract entered into by the former, through his salesman, George Bickham, with defendant, to ef
 
 *219
 
 feet an exchange of real estate. In the district court there was judgment rejecting plaintiff’s demand, but on appeal this judgment was reversed by the Court of Appeal, and judgment was rendered for plaintiff. The case is now before us on a writ of review.
 

 The record discloses that .plaintiff is a duly licensed real estate broker, and that Biekham is a duly licensed real estate salesman, within the purview of Act 236 of 1920. The record also discloses that defendant, dealing with Biekham, listed the Eiagle Bend plantation, owned by him, for sale. Biekham failed after repeated efforts to procure a purchaser for it. On February 24, 1926, plaintiff and Biekham prepared a letter, addressed to defendant, which was signed by Biekham alone, reading as follows:
 

 “Referring to the sale of your Eagle Bend plantation: I have been working continuously for the past three months on the sale of this place, but as you know, owing to the caving banks of Red river at this point, also proposed new levee which will adversely affect the value of this place, the damage of which cannot be estimated at this time, I have been unable to make sale or get an offer from any one at any price.
 

 “For your consideration, submit the following property on which we can probably work out a trade, delivering same free of all encumbrances, although at present there is a $10,000 mortgage on tlie Shreveport property.
 

 “No. 1604 Park Avenue, twenty-one room hotel furnished, which have had for sale at $16,-500’, and which should rent easily for between $125 and $150' per month, which I could have done several times, but have no authority to rent the place.
 

 “Yours truly,
 

 “[Signed] George Biekham.”
 

 Biekham delivered this letter in person to defendant, who wrote at the foot of it the following :
 

 “Mr. Geo. Biekham:
 

 “In case you are able to consummate trade, I will protect you on one thousand dollars commission, if I wont have to pay any difference, and the property be cleared of mortgages.
 

 “[Signed] Abe Meyer.”
 

 The Stiles property was cleared of mortgages, and Biekham notified defendant that Stiles was ready to consummate the exchange, but defendant declined to consummate it. Later, which was only a few days after the contract sued on had been signed, an act of exchange, signed by Stiles, was presented to defendant for signature, which he refused to sign. Thereafter, plaintiff obtained from Biekham a transfer of all commissions that the latter might be entitled to under the contract to effect the exchange, and this suit, which presents several issues, only one of which we deem it necessary to pass upon, followed.
 

 One of the theories of plaintiff’s suit is that, Biekham having been' licensed and employed as his salesman, the contract to bring about the consummation of the exchange was, in effect, one with him (plaintiff), and that he (plaintiff) had a right to the commission provided for in the contract, on obtaining, either personally or through his salesman, Stiles’ consent to the exchange. It appears, however, that defendant did not know plaintiff in the transaction until demand was made upon him to sign the act of exchange. He did not know until then that Biekham was plaintiff’s salesman. The contract to effect the exchange does not mention plaintiff. It is a contract entered into alone with Biekham. Defendant was not called upon to recognize plaintiff in the matter or to deal with him concerning it. We therefore think that plaintiff has no right
 
 to
 
 recover under the contract.
 

 Another theory of plaintiff’s suit is that, since Biekham has transferred to him such rights against defendant as he may have to commissions in this matter, he has a right to recover because of this transfer. His right to so recover depends upon whether Biekham, upon his part, had a right to enforce the demand for a commission against defendant. As we have said, Biekham was not a licensed
 
 *221
 
 real estate broker, but merely a licensed real estate salesman. Section 15 of Act 236 of 1920 makes it unlawful for any real estate salesman to accept a commission or valuable consideration for the performance of any of the acts specified in that statute, among which is the procuring of the exchange of real estate, from any person, except his employer, who must be a licensed, real estate broker. Because of this provision Bickham could not have recovered from defendant had he sued. Therefore Bickham had no right against defendant to commissions to transfer.
 

 For these reasons, the judgment of the Court of Appeal is set aside, and that of the district court is reinstated, plaintiff to pay the costs.