former were entitled to sue for the revocation of the donation.

For the reasons assigned, the judgment appealed from is affirmed at the cost of the appellants.

(131 So. 840)

## SHEPPARD v. HULSEBERG.
### No. 30879.

Dec. 1, 1930.

Rehearing Denied Jan. 5, 1931.

Paul W. Maloney, of New Orleans, for applicant.

A. D. Danziger and P. H. Stern, all of New Orleans, for amici curiæ.

Bond, Curtis, Hall & Foster and Alice A. Allen, all of New Orleans, for plaintiff, appellee, and respondent.

OVERTON, J.

Plaintiff was a regular employee of the New Orleans Public Service, Inc., as a foreman in one of its barns. He was, in no sense, engaged in the calling of a real estate broker, and was not licensed as such. He entered into a verbal contract with defendant, the purport of which was that he was to receive $100 cash in the event he succeeded in procuring a purchaser for defendant's property, able and willing to pay $6,800 for it. He did secure such a purchaser, and the sale was effected at the foregoing price. Defendant, however, refused to pay the commission, and, in due course, this suit followed. The defense is that, under section 19 of Act No. 236 of 1920, plaintiff cannot recover, for he was not a licensed real estate broker. In the trial court judgment was rendered for plaintiff and on appeal to the Court of Appeal the judgment was affirmed.

■ Section 1 of Act No. 236 of 1920, so far as pertinent, reads as follows:

"It shall be unlawful for any person * * * from and after January 1st, 1921, to engage in the business or capacity, either directly or indirectly, of a real estate broker * * * without first obtaining a license under the provisions of this Act."

Section 2 of the act provides:

"That a real estate broker within the meaning of this Act is any person, * * * who for a compensation or valuable consideration sells or offers for sale, buys or offers to buy, or negotiate the purchase or sale or exchange of real estate, or who leases or offers to lease or rents or offers for rent, any real estate or the improvements thereon for others, as a whole or partial vocation."

Section 19 of the act provides:

"That any person, * * * who has not been licensed in accordance with the provisions of this Act, shall not be allowed to recover for any fee, claim or charge for brokerage in the courts of this State."

Interpreting these sections of the act together, they convey the idea that one, to be within the law, who desires to engage in the business or capacity of a real estate broker, must obtain a license under the act; that a real estate broker is one who, among other things, sells, or offers to sell, real estate, as a whole or partial vocation; and that, if such a person does sell or offer to sell any real estate he cannot, unless licensed under the act, recover a fee or brokerage therefor in the courts of this state. The penal provisions of the act, including the deprivation of the right to recover, affect only those who, under the act, are required to obtain a license, such as those who sell or offer to sell real estate as a whole or partial vocation.

■ In Corpus Juris, vol. 9, p. 565, § 65 (the text referring to revenue licenses, but nevertheless applicable here), it is said that: "It is the rule under statutes or ordinances in some jurisdictions that a broker who fails to procure a license to carry on his business as required by law cannot recover a commission for acting as broker; and under this rule the broker must have his license at the time he has completed his services, or when the sale or other transaction is effected; but this rule does not apply to one who is not a regular broker but acts only in an isolated case. * * *" See also 4 R. C. L. Verbo "Brokers." Sections 4 and 45, pp. 245, 301.

The only sale that defendant ever procured for another was this single sale, and, so far as appears, he engaged in nothing for others that would require a license under the act. Plaintiff was certainly not engaged in the real estate business as his sole occupation, and the present isolated instance is insufficient for it to be deemed that he was following the business as a partial vocation.

For these reasons the judgment, under review, is affirmed.

O'NIELL, C. J., dissents.