## GARVEY v. LAGATTUTA

(February 2, 1931. Opinion and Decree.)

Jos. Rosenberg, of New Orleans, attorney for plaintiff, appellant.

Herve Racivitch, of New Orleans, attorney for defendant, appellee.

HIGGINS, J. Plaintiff sued the defendant on a written contract of employment dated June 7, 1929, to recover the sum of $260, as commission alleged to have been earned in connection with the purchase of certain real estate for the defendant's account. Defendant filed an exception of no cause of action on the ground that, as plaintiff was a real estate salesman, he was without authority and capacity to enter into the contract and to bring suit, under the express provisions of Act 236 of 1920, and particularly section 15 thereof. The exception was referred to the merits, and defendant answered admitting the written contract, denying the other allegations of the petition, and specially pleading that plaintiff was without capacity, authority, or right, under the provisions of Act 236 of 1920, to enter into the contract, and to claim the alleged commission and to sue therefor. On the trial of the case on the merits there was judgment in favor of the defendant, dismissing the plaintiff's suit. Plaintiff has appealed.

The record shows that on the trial of the case it was established by the plaintiff's testimony, under cross-examination, that he had been in the real estate business as a licensed real estate salesman for a number of years, connected with the firm of Matthews Bros., real estate brokers, and that his real estate salesman's license for the year 1929 was still in force and effect, not having been surrendered by him. He further testified that, although the real estate license was still extant, he had given up the real estate business during the early part of the year 1929.

The records of the Louisiana real estate board, a body created by Act 236 of 1920, were introduced in evidence by the defendant. These records showed that plaintiff had been licensed as a real estate salesman on March 19, 1925, and continuously acted as such in the employment of Matthews Bros., until May 20, 1927, from which date to June 1, 1928, he was licensed as a bro-

ker, with Sierra Realty Company, Inc.; that on August 17, 1928, he made application for a salesman's license, which was granted, and renewed on January 1, 1929, during which period he was again employed as a salesman by Matthews Bros., real estate brokers, and that plaintiff had not given up his license as a real estate salesman during the year of 1929.

The written contract of employment, dated June 7, 1929, whereby the defendant employed the plaintiff, shows that he undertook to purchase for the account of the defendant a certain lot of ground for the price and sum of $5,500 cash, and, in consideration of his services to be rendered in effecting the sale, the plaintiff was to be paid 4 per cent commission on the sale price. The contract was to remain good and irrevocable from June 7, 1929, to June 10, 1929. Defendant testified that the contract of employment was continued in effect by a verbal agreement between them.

When all of this evidence was before the court, counsel for the defendant renewed the exception of no cause of action and the trial court again referred it to the merits. After the case was submitted judgment was rendered dismissing plaintiff's suit.

Counsel for defendant has renewed his exception of no cause of action in this court, contending that the evidence shows that the plaintiff was engaged in business, as a real estate salesman, and, under the express provisions of Act 236 of 1920, was prohibited from entering into the alleged contract sued upon and was without any right, authority, or capacity, to bring this suit.

Counsel for plaintiff contends that, as plaintiff testified he had given up the real estate business in the early part of the year 1929, the contract sued upon was one of special employment, and therefore did not come within the provisions of Act 236 of 1920.

We shall discuss, first, the question of whether or not the evidence shows that the plaintiff was a licensed real estate salesman at the time the alleged agreement was made and suit was filed. The only evidence before us that he had given up his calling and employment as a real estate salesman is his own statement, unsupported by any member of the firm of Matthews Bros., his employers. On the contrary, the defendant admits that he had been engaged in the real estate business as a licensed salesman until the early part of 1929, and the records of the Louisiana real estate board conclusively show that his license was still outstanding and had never been surrendered, or canceled. In fact, counsel for plaintiff frankly states that the license had never been surrendered, or canceled, but claims that, as plaintiff had terminated his employment with the real estate broker, Matthews Bros., it was the duty of that firm, under section 13 of Act 236 of 1920, to return the salesman's license of the plaintiff to the real estate board, and that the plaintiff cannot be penalized for the neglect of Matthews Bros. to return the license.

We observe that under this section of Act 236 of 1920, the real estate broker is required to send a copy of the letter returning the license to the real estate board to the salesman at his last known address. Plaintiff, therefore, knew that his employer, Matthews Bros., had not returned his license to the real estate board, because he does not even contend that he received any such communication from his employers. We believe it was the duty of the plaintiff, if his employers, the real estate brokers, did not take the necessary steps to return his license, to have required and forced Matthews Bros. to do so. Until such action was taken to properly surrender the license

in accordance with the provisions of the act, we are of the opinion that plaintiff continued to occupy the status of a real estate salesman within the meaning and provisions of the act.

What, if any, effect would the fact that plaintiff was a real estate salesman have upon him to enter into the contract sued upon and his capacity or right to bring the present suit? The title of Act 236 of 1920 states that it is an act "to regulate the mode and manner of conducting the affairs and business of Real Estate. * * *" Section 1 thereof provides that "it shall be unlawful for any person * * * to engage in the business or capacity, either directly or indirectly, of a real estate broker, a real estate salesman, * * * * without first obtaining a license under the provisions of this Act." Section 2 of the act defines a real estate broker as "any person * * * who for a compensation or valuable consideration sells or offers for sale, buys or offers to buy, or negotiates the purchase or sale or exchange of real estate * * * for others, as a whole or partial vocation." Section 2 also defines a salesman as "any person who for a compensation or valuable consideration is employed either directly or indirectly by a licensed real estate broker to sell or offer to sell, or buy or offer to buy, or to negotiate the purchase or sale or exchange of real estate * * * for others as a whole or partial vocation." Then follows language which specifically provides for certain exceptions or exemptions from the operation of the act. But, even with reference to the first exception, where an owner or lessor either individually or through an employee or representative performs any of the acts with reference to his own property, the statute provides that this service shall be performed "through an employee or representative not otherwise engaged

in the real estate business." Section 15 of the act reads as follows:

"Be it further enacted, etc., That it shall be unlawful for any real estate salesman to accept a commission or valuable consideration for the performance of any of the acts herein specified from any person, except his employer who must be a licensed real estate broker."

From the foregoing quoted provisions it appears that a real estate salesman, in order to practice his calling, must be employed by a real estate broker who was duly licensed as such, and must carry on his negotiations for the buying, selling, and leasing of real estate through his employer, the broker, who alone has the right to receive the commission from the clients or patrons, and, in the event it is not paid, to enter suit upon the contracts providing for the same. The salesman has neither the right nor capacity to enter into such contracts in his own behalf, and hence would be without any right, authority, or capacity to bring a suit to recover a commission under such circumstances.

In the case of Walker v. Meyer, 167 La. 218, 220, 119 So. 26, the Supreme Court, in interpreting the provisions of section 15 of Act 236 of 1920, held that, where a licensed real estate salesman entered into a contract with the owner of realty agreeing to negotiate the sale or exchange of his property in consideration of a 4 per cent commission, without entering into the agreement in the name of the real estate broker by whom he was employed, the real estate salesman, being without any right to enter into the contract, could not, therefore, assign any better right to the broker who brought the suit, and that the suit would be dismissed, as the assignee had no greater right than the assignor.

As the plaintiff, at the time he entered into the contract with the defendant and

brought suit against him, was a licensed real estate salesman, he was prohibited from entering into such a contract and accepting compensation, or commission, in connection with the negotiation or purchase of the real estate, under the provisions of section 15 of Act 236 of 1920.

We have been referred by counsel for plaintiff to the case of Bosetta v. Jacobs, 1 La. App. 277, where a law student was permitted to recover on a verbal contract with a real estate broker who had agreed to share his commission with him. We do not believe that case to be applicable, because, first, the plaintiff there was not a real estate salesman, and, second, he was not engaged in the real estate business as a whole or partial vocation.

In the case of Sheppard v. Hulseberg (La. Sup.) 131 So. 840, decided Dec. 1, 1930, that court affirmed the judgment of this court and permitted the plaintiff to recover $100 commission, which the owner of the real estate agreed to pay him in the event that he secured a purchaser for her property for $6,800. That case is distinguished from the present one because the plaintiff in that case was regularly employed as a foreman in one of the barns of the New Orleans Public Service and was not a real estate salesman and was not engaged in the real estate business as a whole or partial vocation.

For the reasons assigned, we are of the opinion that the exception of no cause of action was well founded, and that the judgment of the court below dismissing the suit is correct, and it is therefore affirmed at appellant's cost.

WESTERFIELD, J., absent and takes no part, HUGH C. CAGE, Judge of Civil District Court, Parish of Orleans, and Judge ad hoc, participating.