The plaintiff engaged defendant as a business broker to find a purchaser for a small business known as Pete's Tydol Service which was conducted on leased premises at Emerson, New Jersey. Defendant succeeded in doing so and plaintiff sold the business. The purchase price passed through defendant's hands, first the initial deposit and then the balance of the price when the bill of sale was delivered. He retained his agreed commission, $175, and handed over the rest of the money to plaintiff. Two months later, plaintiff instituted suit for the money so retained, and was awarded judgment on the ground that defendant had not been entitled to any commission, as he was prohibited by the statute from participating as a broker in the transaction, since it included a transfer of the leasehold and defendant did not have a real estate broker's license. R.S. 45:15-3.
The Court of Errors and Appeals in Kenney v. Paterson Milk Cream Co. (E. A. 1933) 110 N.J. Law 141, held that an unlicensed broker could not maintain an action for a commission on the sale of the defendant's business as a going concern when the sale included real estate. A New York decision, Weingast v.Rialto Pastry Shop (1926) 243 N.Y. 113, 152 N.E. 693, was distinguished on sundry grounds, among them that there only an assignment of a lease was involved in the sale of the business and not the conveyance of the land itself. The few reported cases dealing with the necessity for a broker's license, are collected in a note in 88 A.L.R. 1422. See also 8 Am. Jur. 996,Brokers, sec. 12. Whether the rule of the Kenney case forbids one without a real estate broker's license to negotiate the sale of a small business where an assignment of the leasehold is incident to the deal, is a question which we need not attempt to answer, since we must reverse the judgment on another ground. *Page 7 
This is not a suit by the broker for his commission, but is an action by his client to recapture the commission which has already been paid. The listing agreement contained authority for defendant to deduct his commission from the purchase price. The contract of sale contained a covenant by the plaintiff to pay the commission upon the closing of the transaction. When that time arrived, plaintiff was present and allowed defendant to receive the purchase price and take out of it the commission as contemplated by the listing agreement. While plaintiff did not himself count out the money for the commission and hand it to defendant, his acquiescence in what was done, as well as the authorization he had given defendant to deduct his commission, brings the case within the rules governing voluntary payments made under a mistake of law, or pursuant to an illegal bargain. Generally, the one who has made the payment is not entitled to restitution. Rest. Restitution, secs. 45 and 47. D'Aloia v.Summit, (Sup.Ct. 1916) 89 N.J. Law 154; Lehigh Valley R.R.Co. v. United Lead Co., (Sup.Ct. 1926) 102 N.J. Law 545;4 Am. Jur. 518, Assumpsit, sec. 23. The entire transaction had been executed. Plaintiff received from defendant full performance and paid only what he promised to pay. Plaintiff showed no basis for relief.
The judgment will be reversed with instructions to enter judgment for the defendant. *Page 8