**BYRNE v. PEOPLES' BOND & MORT-
GAGE CO., Inc.**

**Civ. A. 11776.**

United States District Court
E. D. Pennsylvania.

July 12, 1951.

Jay D. Barsky, of Trommer, Silver & Barsky, Philadelphia, Pa., for plaintiff.

William J. Woolston, Philadelphia, Pa., for defendant.

BARD, District Judge.

This is an action between James E. Byrne, a New Jersey real estate salesman, and Peoples' Bond and Mortgage Co., Inc., a Pennsylvania corporation, for compensation for services rendered. Jurisdiction is based on diversity of citizenship. It is now before me on defendant's motion to dismiss the complaint for failure to state a claim upon which relief can be granted.

Plaintiff is employed by Bobbins Realty Company, a real estate broker. Plaintiff and his employer are duly licensed as salesman and broker respectively by the State of New Jersey. Plaintiff alleges that he performed in New Jersey certain real estate services for defendant, that defendant promised to pay him a fixed commission and other compensation for these services, and that defendant has not yet paid him.

The problem confronting me is plaintiff's right under New Jersey law to sue someone other than his broker for compensation for his services in the real estate business.

The New Jersey Real Estate Brokers and Salesmen Act[1] places brokers and salesmen in different categories.

A broker is " * * * a person, firm or corporation who, for a fee, commission or other valuable consideration, * * * " engages in the real estate business. 45 N.J.S.A. 15–3.

A salesman is " * * * any person who, for compensation, valuable consideration or commission, or other thing of value, is employed by a licensed real estate

---

1. N.J.Laws 1921, c. 141, § 1 et seq., as amended, 45 N.J.S.A. 15–1 et seq.

broker * * *" to transact the broker's business. 45 N.J.S.A. 15-3.

Section 15-16 expressly states that *"No real estate salesman shall accept a commission or valuable consideration for the performance of any of the acts herein specified, from any person except his employer, who must be a licensed real estate broker."* 45 N.J.S.A. 15-16 (emphasis added).

Several cases have held that an individual who is not a licensed broker is not entitled to any commission or compensation for rendering services in the real estate business.[2] But a licensed salesman was not involved in any of those cases, and no case has been called to my attention wherein such a salesman has challenged Section 15-16 by suing a third person for the commission due him via his broker.

It may well be that plaintiff has a valid cause of action against his broker employer, cf. Koehler v. Myers, 3 Cir., 21 F.2d 596, but that is not this case. Plaintiff is a licensed salesman employed by a licensed broker. For his services in the real estate business Section 15-16 limits plaintiff to receiving compensation only from his broker.

I hold that the contract between plaintiff and defendant, if proved, would be invalid because it would violate Section 15-16, and accordingly would be unenforceable.

Plaintiff would have me distinguish between his right to sue and his right to the proceeds. Assuming plaintiff prevailed in this suit, judgment against defendant would be in favor of whom? Would this Court be expected to hold the funds from such a judgment "in escrow" while plaintiff litigated in the New Jersey state courts or otherwise determined his right to compensation from his broker? What would happen to such a judgment and to the funds if plaintiff's broker prevailed?

It seems to me that by this argument plaintiff admits he is not entitled to judgment, and there is no other party plaintiff in this suit who might be awarded judgment.

Plaintiff further contends in support of his position that New Jersey has in other statutes incorporated sections expressly prohibiting rights of action, and that since the legislature failed to do so in this Act, Section 15-16 does not bar his suit. Surely, the intent of one statute should not be thwarted because that intent is not expressed as clearly as it is in another statute.

In accordance with the foregoing opinion, defendant's motion to dismiss the complaint is granted.

2. Kenney v. Paterson Milk & Cream Co., Inc., 110 N.J.L. 141, 164 A. 274, 88 A.L. R. 1416; Corson v. Keane et al., 4 N.J. 221, 72 A.2d 314; Buschbaum v. Barron, 1 N.J.Super. 4, 61 A.2d 512; Bierman v. Barthelmeus, 45 A.2d 820, 24 N. J.Misc. 35; Donadt v. Eberle, 27 A.2d 612, 20 N.J.Misc. 349.