CARROLL, CHAS., Judge.
Appellant David Seid filed a suit in equity for declaratory decree, seeking to recover his share, as a real estate salesman, of a brokerage commission allegedly due a broker from appellee Ernest R. Graham. The broker, Leon Andre Rapee, who was joined as a defendant, answered and asked to be substituted as the plaintiff. Graham answered and moved for summary judgment, which was granted because, as to Seid, he had sued Graham unsuccessfully for the commission in 1958, and as to Rapee, a suit filed by him against Graham for the commission had resulted in a summary judgment for Graham on sustaining his defense of statute of limitations.
This second suit by Seid was filed July 6, 1959. Apparently the statute of limitations had not run as to Rapee by that date, hut it had run when Rapee filed his own suit to recover the commission on October 16, 1959, and the judgment rendered against Rapee in that suit so held.
The justification claimed by Seid and Rapee for the instant suit is their contention that although Rapee did not move to be substituted as plaintiff in Seid’s suit until after the statute of limitations had run, he should have the benefit of the earlier filing date of the Seid suit. The chancellor correctly rejected that contention saying:
“3. The defendant Ernest R. Graham has in this suit, which suit also was brought to collect the same brokerage fee from said Graham for the sale of the same real estate by said Graham to said Maulé Industries, Inc., filed his answer in which he sets up not only the statute of limitations against the said Leon A. Rapee, also known as Leon Andre Rapee, but also the defense of res judicata against both David Seid and the said Rapee.
“4. The plaintiff, David Seid, is precluded from proceeding with this suit because he is barred by reason of the final judgment entered against him in the said action, Common Law Case No. 58L 1166B, by the said Honorable Marshall C. Wiseheart.
“5. The defendant or plaintiff, whichever, Leon A. Rapee, also known as Leon Andre Rapee, is precluded from maintaining this suit (a) because of the summary judgment heretofore entered by the said Honorable Irving Cypen on November 30, 1959, and (b) by the statute of limitations which has. been plead in this case by the defendant Ernest R. Graham; it being apparent that said Leon A. Rapee, also known as Leon Andre Rapee, never asserted any claim to the said commission until the motion to have him substituted as plaintiff, if in fact that was sufficient to show an assertion of a claim by him, and that was more than three months after he filed the action in which Judge Cypen entered the judgment against him on the ground that he was then barred by the statute of limitations.”
 In Seid’s first suit it was held that under § 475.42(1) (d), Fla.Stat., F.S.A., he lacked capacity to sue for the real estate commission because he was a salesman and not a broker. His lack of capacity to maintain such an action continues. As to the broker Rapee, prior to the time he asserted a claim to the commission in the instant suit brought by Seid, Rapee had filed his *509 separate action against Graham for recovery of the commission, and that case was prosecuted to completion. The adverse judgment received in the action brought by Rapee was binding on him, and the chancellor was eminently correct in so holding.
Affirmed.