BOLIN, Judge.
J. F. Sellers sued defendant for a real estate commission allegedly due him for being instrumental in the purchase by defendant of a large plantation in Madison Parish, Louisiana. From judgment rejecting his demand plaintiff appeals.
Sellers contends he had an oral agreement with his nephew, Harold Sellers, manager of Trans-Delta Realty and Land Company, owned by defendant Sterling C. *842 Evans, a licensed real estate broker, for J. F. Sellers to negotiate with the owners of Mansford Plantation in Madison Parish, Louisiana, for the sale to defendant. Plaintiff further contends the sale was consummated for a price in excess of $600,000 for which he was to receive $9,000 for his assistance in negotiating the sale; that he was paid $500, leaving a balance due of $8,500.
Defendant Evans, a resident of Texas, admitted he owned Trans-Delta and that he, together with Gus Wortham, purchased Mansford Plantation. However, he disclaimed knowledge of any dealings between his manager, Harold Sellers, and plaintiff. Alternatively, defendant alleged plaintiff was not a licensed real estate broker or salesman and was thereby precluded from recovering a commission or fee under La. R.S. 37:1450.
The record establishes Evans was interested in purchasing the Mansford Plantation; that he instructed Howard Sellers, manager of his real estate agency in Monroe, to contact the owners of the property; that he authorized Harold Sellers to submit an offer to the owners to purchase the property provided the owners would pay a commission to Trans-Delta, which commission defendant claims was intended to be a discount to him and his partner. Harold Sellers sought the assistance of plaintiff, who was his uncle, in contacting the parties and in negotiating the purchase of the property. In furtherance of this arrangement plaintiff contacted several of the owners of the property making them an offer of purchase and negotiated an agreement with the owners for them to pay a 3% commission to Trans-Delta. This commission, represented by a check for $15,923.07, was paid to Trans-Delta by A. O. Logue, the principal owner of the property involved. This check was turned over to Evans, who deposited it to his joint account with Wortham in Texas.
Upon final consummation of the sale of the entire property defendant wrote Harold Sellers a letter enclosing a check for $2,000 which was designated as a special commission for Harold Sellers and “your uncle for handling the Mansford Plantation deal”. Harold Sellers retained $500 of this check, paid plaintiff $500 and deposited the balance of $1,000 to the credit of Trans-Delta.
In his written opinion the trial judge concluded plaintiff earned a commission from the sale of the plantation but that he had not established with legal certainty the amount earned nor the party obligated to pay. The court, however, did not rest its decision on this finding but, since it was conceded plaintiff did not have a license to sell real estate, held plaintiff was precluded from recovering under La.R.S. 37:1450.
Directing our attention first to whether plaintiff is barred from recovery because he is unlicensed, we think the following statutes are relevant:
La.R.S. 37:1431:
“As used in this Chapter the following words have the meaning ascribed them in this Section unless the context clearly indicates otherwise:
* * * * * *
“(3) ‘Real estate broker’ means any person who, for a compensation or valuable consideration sells or offers for sale, buys or offers to buy, or negotiates the purchase or sale or exchange of real estate, or who leases or offers to lease, or rents or offers for rent, any real estate or the improvements thereon for others, as a vocation.
“(4) ‘Real estate salesman’ means any person who for a compensation or valuable consideration is employed either directly or indirectly by a licensed real estate broker to sell or offer to sell, or buy or offer to buy, or to negotiate the purchase or sale or exchange of real estate, or to lease or offer to lease, rent or offer for rent any real estate for others as a whole or partial vocation.”
La.R.S. 37:1437:
“No person shall engage in the business or capacity, either directly or indirectly, of *843 a real estate broker, a real estate salesman or a business chance broker unless he has a license under the provisions of this Chapter.”
La.R.S. 37:1450:
“No person, not licensed in accordance with the provisions of this Chapter, shall recover any fee, claim or charge for brokerage in the courts of this state.”
La.R.S. 37:1454:
“A. The commission may suspend or revoke any license issued under the provisions of this Chapter if a licensee is guilty of performing or attempting to perform any of the following acts:

“(9) Paying or offering to pay any commission or valuable compensation of any kind to anyone not possessed of a license in the transaction of a real estate or business chance deal; or * * *.”
Plaintiff contends a person unlicensed to sell real estate may still recover a commission when he has secured a purchaser and made a sale in an isolated instance since in such case he is not engaged in the real estate business, and cites as authority Sheppard v. Hulseberg, 171 La. 659, 131 So. 840 (1930). Appellee points out the Sheppard case is the only Louisiana case wherein our courts have permitted an unlicensed person to collect a fee for the sale of realty and contends the following cases show a trend by our courts toward a strict interpretation of the statutory prohibition against parties engaging in the real estate business without a license. Bergeron v. Mumphrey, 38 So.2d 411 (La.App.Orl.1949) ; Maniscalco v. Glass, 163 So.2d 438 (La.App. 2 Cir. 1964).
Whether the work performed by plaintiff in consummating the sale of Mans-ford Plantation was done in the capacity of a real estate salesman or as an isolated instance is a factual question. The district judge, in his written reasons, found:
“In my opinion, the fact that plaintiff had already manifested an interest in the purchase of Mansford Plantation, by inquiring about and visiting the farm and the owners thereof, in behalf of another prospective purchaser, with the intent to collect a fee, distinguishes this case from the one relied on by defendant.”
In the Sheppard case plaintiff was employed as a foreman for the New Orleans Public Service. No other real estate agent or broker was involved. Plaintiff simply procured a purchaser for the owner of the property and the owner refused to pay him an agreed $100 commission. In the instant case J. F. Sellers admitted having previously sold several lots of his own and was very evasive in his answers as to whether he had previously sold real estate for a commission. An additional factor influencing the trial court to conclude the transaction was not an isolated one was that Sellers was initially investigating the possibility of securing the Mansford Plantation for a man in Jackson, Mississippi, prior to his knowledge that Evans and Wortham were interested in purchasing the property. In so doing he was actively engaged in locating real estate, determining the ownership thereof and finding a prospective purchaser.
Taking all the facts into consideration we conclude plaintiff is precluded from recovering under the provisions of La.R.S. 37:1450 cited supra.
Having affirmed the judgment on the finding that plaintiff, as an unlicensed real estate salesman, is barred from recovery we make no finding as to whether he would otherwise be entitled to recover.
For the reasons assigned the judgment appealed from is affirmed at appellant’s cost.