PER CURIAM.
By this appeal, the plaintiff seeks review of a judgment non obstante vere-dicto. Having made a motion for directed verdict at the close of all the evidence, the appellee’s motion should have been a “Motion For Judgment In Accordance With Motion For Directed Verdict”. See Rule 1.480(b), Florida Rules of Civil Procedure, 30 F.S.A., as referred to in De Mendoza v. *800 Board of County Commissioners, Fla.App.1969,221 So.2d 797.
In this real estate brokerage action, the plaintiff-broker contended that his office had an oral cooperating agreement with a broker by the name of Shuey who was, in fact, the agent of the defendant-owner of the Columbus Hotel and that his salesman, Harris, produced a prospective purchaser [one Swigg] who was given a binding right of first refusal to purchase the hotel.
We find, from the undisputed evidence, that the trial judge was correct in the judgment[1] here under review for several reasons. First, the evidence failed to indicate any agreement between the broker [Sherman] and the owner [Lynch], Estes v. Moylan, Fla.1957, 94 So.2d 362; Ivy Jay Corporation v. Davis, Fla.App.1964, 160 So.2d 715; Martin v. Allen, Fla.App.1967, 200 So.2d 243. Second, the evidence fails to show that Shuey was, in fact, the agent or employee of Lynch authorized to give a listing on the hotel. Griffin v. Societe Anonyme la Floridienne, 53 Fla. 801, 823, 44 So. 342; Martin and Sutherland v. Johnson, 54 Fla. 487, 44 So. 949; Aerovias Panama v. Air Carrier Engine Service, Inc., Fla.App.1967, 195 So.2d 230. Third, the evidence failed to indicate any valid agreement between the broker [Sherman] to cooperate on any listing which may have been held by the broker [Shuey] as Harris could not validly enter into a brokerage contract. Byrne v. Peoples’ Bond & Mortgage Co., Inc., E.D.Penn.1951, 99 F.Supp. 195; Walker v. Meyer, 167 La. 218, 119 So. 26; Miller v. Ziedrich, 199 Or. 505, 263 P.2d 611; § 475.42(1) (b) (d), Fla. Stat.,[2] F.S.A. Harris could not maintain an action directly against Shuey or Lynch. Seid v. Graham, Fla.App.1961, 131 So.2d 507; Campbell v. Romfh Bros., Inc., Fla.App.1961, 132 So.2d 466; § 475.42(1) (b) (d), Fla.Stat., F.S.A. It is also apparent that even if there had been a valid cooperating agreement between the brokers, there was no consideration for the alleged right of first refusal and, without same, if the hotel was sold without tendering the right of first refusal there was no cause of action. Melvin v. West, Fla.App.1958, 107 So.2d 156; 1A Corbin on Contracts, § 261. And lastly, the record fails to indicate that Swigg, the alleged prospective purchaser was in fact a “purchaser, ready, willing, and able” to buy under the test set forth by the Supreme Court in the case of McAllister Hotel, Inc. v. Porte, Fla.1957, 98 So.2d 781. See also: Kernjack v. Joe Cotton Realty Corporation, Fla.App.1968, 216 So.2d 18; Froedtert v. Haines, 5th Cir. 1944, 142 F.2d 338; Skene *801 v. Carayanis, 103 Conn. 708, 131 A. 497; Herbert v. Jaffe, 281 Mass. 202, 183 N.E. 259.
By cross-assignment, the appellee has duly preserved his point on the alleged error of the trial judge in failing to grant a new trial pursuant to Kaufman v. Sweet et al. Corp., Fla.App.1962, 144 So.2d 515; Cf. Dudley v. Harrison, McCready & Co., 127 Fla. 687, 173 So. 820, on rehearing 128 Fla. 338, 174 So. 729. But, in view of what is set forth in respect to the appellant’s points on appeal, this cross-assignment has not been considered.
Therefore, for the Reasons above stated, the judgment non obstante veredicto be and the same is hereby affirmed.
Affirmed.

. Said judgment reads, in part, as follows:
* i<5 * * *
“ * * * The undisputed evidence shows that the plaintiff broker, Irvin Sherman, was not employed by the defendant, nor did the defendant agree to pay plaintiff a commission. The evidence further shows that John E. Shuey, a broker, was employed by defendant to sell the Columbus Hotel, and that John E. Shuey did solicit the services of Milton Harris, a salesman for the plaintiff broker, and agreed to pay Milton Harris a commission in the event of a sale of the hotel. The salesman contended that his prospect was given a right of first refusal and while the prospect was in the process of inspecting the hotel, it was sold by the owner to another, and the broker, Irvin Sherman, sued to recover a commission.
“Under the provisions of Section 475.42, Florida Statutes [F.S.A.], it appears that under the facts adduced at the trial of this cause, employment by the broker, John E. Shuey, of Milton Harris, the salesman for broker, Irvin Sherman, and any agreement by Shuey to pay Harris a commission, would be prohibited. Byrne v. Peoples’ Bond & Mortgage Co., [D.C.] 99 F.Supp. 195, Walker v. Meyer, 167 La. 218, 119 So. 26, Rosen-thal v. Art Metal, Inc., [101 N.J.Super. 156] 243 A.2d 828.”

. It is clear from the evidence in this cause that whatever agreement Harris had with Shuey was in his own name and not on behalf of his registered broker, Sherman, and this opinion is not to be construed as passing on the validity of any contract which might be entered into by a registered salesman on behalf of his registered broker. •