MILLS, Judge.
This appeal comes from a multiparty civil action over the right to commissions on the sale of apartment buildings. One of the defendants, Mottice & Associates, Inc., filed a third party complaint against Wooten, its former salesperson, for contribution in the event of an adverse judgment. Wooten counterclaimed against Mottice & Associates, Inc. and against Homer J. Mottice, individually, for a share of the commission allegedly due Mottice & Associates, Inc. on the sale of two apartment complexes. Homer J. Mottice is a real estate broker and sole owner of Mottice & Associates, Inc.
The trial court granted summary final judgment against Wooten on her counterclaim and she appeals. We affirm.
Accepting the facts as alleged by Wooten in her Second Amended Counterclaim as true, Wooten did not state a cause of action as a matter of law. Section 475.42(l)(d), Florida Statutes (1981), provides:
No salesman shall collect any money in connection with any real estate brokerage transaction, whether as a commission, deposit, payment, rental, or otherwise, except in the name of the employer and with the express consent of the employer; and no real estate salesman, whether the *488 holder of a valid and current license or not, shall commence or maintain any action for a commission or compensation in connection with a real estate brokerage transaction against any person except a person registered as his employer at the time the cause of action is alleged to have arisen.
There is no dispute that the contract for sale of the apartments was not executed, nor was the transaction closed until after Wooten left Mortice's employ. The cause of action did not arise while Mortice, the broker, was registered as Wooten’s employer. Consequently, summary judgment.was proper.
This case is not like Bustani v. Wells, 291 So.2d 660 (Fla. 4th DCA 1974), where trial was necessary to resolve apparently conflicting evidence pertaining to the applicability of Section 475.42(l)(d), Florida Statutes. Here, the facts making the statute applicable are undisputed.
AFFIRMED.
SHIVERS and ZEHMER, JJ., concur.