450 So.2d 1019 (1984)
William L. BRUMFIELD
v.
Noel A. BRUMFIELD.
No. 83 CA 0690.
Court of Appeal of Louisiana, First Circuit.
May 30, 1984.
*1020 Steve M. Marks, Baton Rouge, for plaintiff-appellant William L. Brumfield.
Warren D. Ponder, Baton Rouge, for defendant-appellee Noel A. Brumfield.
Before COVINGTON, COLE and SAVOIE, JJ.
SAVOIE, Judge.
Plaintiff, William Brumfield, appeals the trial court's judgment dismissing his suit to recover a real estate commission or finder's fee against defendant, Noel Brumfield, his brother.
In the late fall of 1981, defendant was seeking a buyer for about 700 acres of land on which he held an option to purchase. This option expired by its terms on January 15, 1982. Defendant told plaintiff that if he could produce a buyer who would pay $8,000.00 per acre for this land, defendant would pay plaintiff a 10% commission. Plaintiff requested a listing, but defendant refused, saying that if plaintiff found a buyer, they would both be rich. There is testimony that later, defendant may have lowered the $8,000.00 per acre figure to $6,000.00 per acre. There were no written agreements.
Plaintiff, who was a used car salesman and a licensed real estate salesman not actively engaged in the real estate business, did indirectly locate a prospect who eventually purchased the property for less than $6,000.00 per acre. Defendant refused to pay the commission.
Defendant argues that plaintiff is legally prohibited by La.R.S. 37:1446 from accepting any fee or commission for any act performed as a real estate salesman except through his sponsoring broker, Mrs. Brumfield, his mother. Mrs. Brumfield did not have a listing of the property with defendant and was in no way connected with the transaction.
*1021 Plaintiff argues that La.R.S. 37:1446 is not applicable to him since he is not a full-time real estate salesman, but rather is a car salesman acting as a real estate salesman in this one isolated incident.

ACTION OF TRIAL COURT
After the presentation of plaintiff's case, defendant moved for a dismissal of the action pursuant to La.C.C.P. art. 1810, asserting that plaintiff had failed to show a legal right to the relief sought. The trial court reserved its ruling on the motion and referred it to the merits so that the record could be completed since the case was virtually tried. At the close of the trial, the court took the matter under advisement, allowing both parties to submit briefs. Ultimately, the trial judge granted defendant's motion and dismissed the suit. Plaintiff appeals that judgment.

ASSIGNMENT OF ERROR
Plaintiff asserts that the trial court erred in disposing of plaintiff's clearly proven contract claim on the basis of La.R.S. 37:1446.
Louisiana real estate law is set forth in La.R.S. 37:1430, et seq. Several of the statutes are pertinent to this case. First, La.R.S. 37:1431(7)(a)-(h) defines the regulated activities and the term "real estate salesman." La.R.S. 37:1431(7)(f) states that one who assists or directs in the procuring of prospects or the negotiation or closing of any transaction, other than mortgage financing, which results or is calculated to result in the sale, exchange, leasing, or renting of any real estate, other than a provider of information, ideas, and materials to guide homeowners in the sale of their own property, is engaged in the business of real estate salesman. La.R.S. 37:1436 requires that anyone engaging in the profession of real estate salesman must be licensed as such unless exempt. La.R.S. 37:1438 provides for certain exemptions, none of which apply to plaintiff.
Also pertinent are the following additional provisions of the Louisiana real estate law.
La.R.S. 37:1436, second paragraph, provides:
"Any person who, directly or indirectly for another, with the intention or upon the promise of receiving any valuable consideration, offers, attempts or agrees to perform, or performs any single act described herein, whether as a part of a transaction, or as an entire transaction, shall be deemed a broker or salesman within the meaning of this Chapter. The commission of a single such act by a person required to be licensed under this Chapter and not so licensed shall constitute a violation of the provisions of this Chapter." (Emphasis added).
La.R.S. 37:1445 provides as follows:
"No action or suit shall be instituted, nor recovery be had, in any court of this state by any person for compensation for any act done or service rendered, the doing or rendering of which is prohibited under the provisions of this Chapter, to other licensed brokers or licensed salesmen unless such person was duly licensed under this Chapter as a broker or salesman prior to the time of offering to perform any such act or service or procuring any promise to contract for the payment of compensation for any such contemplated act or service."
Finally, La.R.S. 37:1446 provides:
"Associate brokers or salesmen shall not accept a commission or valuable consideration for the performance of any act herein specified from any person, except their sponsoring broker."
By agreeing to seek a prospective purchaser and actively pursuing the transaction to a successful conclusion, plaintiff was clearly engaged in the business of real estate salesman under La.R.S. 37:1436. Further, this activity constituted a single act as described in La.R.S. 37:1436. Plaintiff cannot recover any fee or commission for such activity except through his sponsoring broker, Mrs. Brumfield, because he was a licensed salesman at the time. (La. R.S. 37:1446).
*1022 For a brokerage contract to be valid, it must be made with a broker or by a salesman representing a disclosed broker. It is not sufficient if a contract is made with a salesman or a salesman representing an undisclosed broker. A salesman cannot transfer his (non-existent) right to a broker for enforcement. Walker v. Meyer, 167 La. 218, 119 So. 26 (1928). A real estate salesman is forbidden by statute to recover any commission except from his employer. Walker v. Meyer, supra; and Cook v. Matherne, 432 So.2d 1039 (La.App. 1st Cir.1983).
Further, La.R.S. 37:1445 prohibits an unlicensed person from recovering any compensation whatsoever for activity which only a legally licensed salesman may perform. This provision must be construed with La.R.S. 37:1436 which provides that any party performing even a single act for which a license is required is deemed a salesman or broker.
The law clearly prohibits a licensed salesman from recovering a commission except through his broker. It also clearly prohibits an unlicensed person through legal proceedings from obtaining a fee or commission for an action that requires a real estate salesman's license. Thus, there is no merit to plaintiff's contention that the real estate law does not apply to him because he was not a full-time real estate salesman.
Finally, plaintiff invokes principles of equity and unjust enrichment. The court finds such principles inapplicable in the face of a clear statutory prohibition such as pertains herein.
For the above and foregoing reasons, the judgment of the trial court is affirmed. All costs are to be assessed against plaintiff, William L. Brumfield.
AFFIRMED.