LOTTINGER, Judge.
This is an action by L.B. Ponder, Jr., attorney at law, seeking legal fees for services rendered to Clarence Wesley Wall. Mr. Ponder intervened in the succession of Mr. Wall to have himself listed on the tableau of distribution for the attorney’s fees due him.
Ponder contends he had a contingent fee contract with the deceased which read as follows:
I employ Ponder & Ponder to defend my case and to sell my property at $600. per acre or for $90,000.00. at fee of 10%.
s/s Clarence Wall
In written reasons the trial court found that Mr. Ponder’s services had been terminated prior to the sale of the property, that the agreement was not a contingent fee contract, but that Mr. Ponder was entitled to $3,000 for services rendered prior to the termination.
Ponder appeals, and the succession answers the appeal contesting the amount of the award.
I
The letter agreement dated October 1, 1984, is not a contingency fee contract. This letter is divided into two parts separated by the conjunctive “and”. The first part of the sentence is an employment agreement without a fee fixed; however, Mr. Ponder may receive compensation for services rendered during the period of time of his employment which is approximately ten *210 months. Fowler v. Jordan, 430 So.2d 711, 715 (La.App. 2d Cir.1983).
The factual determinations of the amount of services rendered in behalf of Mr. Wall and its remunerative value thereof are factual conclusions left to the trier of fact and shall not be disturbed unless it is manifestly erroneous. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
II
The second part of the agreement engages Mr. Ponder in a role as a real estate agent seeking a sale of Mr. Wall’s property.
Mr. Ponder claims a fee for substantial completion of the second part of this contract because of his subtantial compliance in finding a buyer for this property. La.R.S. 37:1431(7)(f) states that one who “[ajssists or directs in the procuring of prospects or the negotiation or closing of any transaction, other than mortgage financing, which results or is calculated to result in the sale, exchange, leasing, or renting of any real estate, other than a provider of information, ideas, and materials to guide homeowners in the sale of their own property,” is engaged in the business of real estate salesman. La.R.S. 37:1436 requires that anyone engaging in the profession of real estate salesman must be licensed as such unless exempt. Brumfield v. Brumfield, 450 So.2d 1019 (La.App. 1st Cir.1984). La.R.S. 37:1445 provides:
No action or suit shall be instituted, nor recovery be had, in any court of this state by any person for compensation for any act done or service rendered, the doing or rendering of which is prohibited under the provision of this Chapter.
Therefore, the fee sought for finding a proposed buyer is prohibited by statute.
Therefore, for the above and foregoing reasons, the judgment is affirmed at appellant’s cost.
AFFIRMED.