## BOCKAR v SAKOLSKY, et al.

### Case No. 88-19457 CA 25

Eleventh Judicial Circuit, Dade County

August 17, 1988

### APPEARANCES OF COUNSEL

**Richard L. Lapidus** for defendants.

**Allen J. Smith** for plaintiff.

### OPINION OF THE COURT

PHILIP BLOOM, Circuit Judge.

### *ORDER OF DISMISSAL*

THIS CAUSE coming on to be heard before me, the undersigned Judge of the above entitled Court, on Motion to Dismiss the Complaint. The Court heard argument of counsel on July 28, 1988. This Court finds as follows:

1. The Complaint in this cause alleges (Paragraph 5) that the Plaintiff is a licensed real estate salesman in the State of Florida.

2. Section 475.42(1)(d), Fla. Stat. provides:

"No salesman shall collect any money in connection with any real

estate brokerage transaction, whether as a commission, deposit, payment, rental, or otherwise, except in the name of the employer and with the express consent of the employer; and no real estate salesman, whether the holder of a valid and current license or not, shall commence or maintain any action for a commission or compensation in connection with a real estate brokerage transaction against any person except a person registered as his employer at the time the salesman performed the act . . ."

Section 475.01(2), Fla. Stat. defines the term "employer" as the relationship between a licensed real estate broker and a licensed real estate salesman.

3. By this suit, Arnold Bockar claims a commission against the Defendants who are not real estate brokers, who, it is alleged, employed him to rent office suites in an office building they own. The Complaint alleges that the agreement was oral and that the Plaintiff was to be paid a weekly salary together with a commission of four percent of the total value of all leases entered into by the Defendants and tenants which were procured by the Plaintiff.

4. Plaintiff has acknowledged that the weekly salary has been paid. He seeks in this lawsuit a judgment for his "commission" on leases that were entered into after the Plaintiff left Defendants' employ.

5. Plaintiff has argued that he was exempt from the prohibition that a salesman may not file suit for a real estate commission. He cites as grounds for the exemption Section 475.011(2), Fla. Stat. That section provides:

"Any individual, corporation, partnership, trust, joint venture, or other entity which sells, exchanges, or leases it own real property; however, this exemption shall not be available if and to the extent that an agent, employee, or independent contractor paid a commission or other compensation strictly on a transactional basis is employed to make sales, exchanges or leases to or with customers in the ordinary course of an owner's business of selling, exchanging, or leasing real property to the public; . . ."

This Court finds that the terms "if and to the extent that an agent, employee, or independent contractor paid a commission or other compensation strictly on a transactional basis" means what it says. To the extent that a rental agent for an office building is compensated by a commission, no exemption applies and the agent must be a real estate broker or a salesman employed by a broker who would bring the action for a commission. See *F. F. Hughes v Mottice & Associates*, 440

97

So.2d 487 (Fla. 1st DCA 1983), *Seid v Graham,* 131 So.2d 507 (Fla. 3d DCA 1961).

6. The second count of the Complaint in which fraud is charged, is merely an indirect method of attempting to enforce a contract which, to the extent the Plaintiff was to be compensated by commissions, was prohibited by Chapter 475. It is upon the above

ORDERED that this cause be and the same is hereby dismissed.

DONE AND ORDERED in Chambers at Miami, Dade County, Florida, this 17th day of August, 1988.