PARRO, J.
lyTorbert Land Company, L.L.C. (Tor-bert) appeals a judgment sustaining exceptions raising the objections of no cause of action and no right of action and dismissing its suit against Tommy and Lillian Montgomery (the Montgomerys).
FACTUAL AND PROCEDURAL BACKGROUND
In February 2008, Torbert filed a petition alleging that the Montgomerys had contracted with it to represent them in an effort to obtain a lease with the Federal Emergency Management Agency (FEMA) of property owned by the Montgomerys. Torbert further alleged that the Montgom-erys had leased the property to FEMA, but had not compensated it in accordance with the terms of the contract.
The Montgomerys filed exceptions, contending that Torbert had no cause of action and no right of action, because the transaction underlying its demand involved the lease of immovable property, and therefore, required Torbert to have a Louisiana real estate license, which neither it nor its principals had. They argued that without a valid Louisiana real estate license, the lawsuit could not be maintained, because LSA-R.S. 37:1436 provides that an unlicensed person cannot engage in real *1134 estate activity.[1] Additionally, an unlicensed person or entity cannot file suit to collect a commission without an active Louisiana real estate license.[2] The Mont-gomerys also denied the | ^existence of the contractual agreement upon which Tor-bert’s suit was based.
Torbert maintained that the agreement it entered into with the Montgomerys was a joint venture, which is exempt from the requirement of holding a real estate license in order to negotiate the lease of property. Its argument was based on LSA-R.S. 37:1438, which provides, in pertinent part:
A. The provisions of this Chapter shall not apply to:
(1) Any person, partnership, limited liability company, association, or corporation, foreign or domestic, which has not been granted a real estate license in Louisiana and which, as owner or lessor, either individually or through an employee or representative and performs acts of ownership with reference to property owned by him, except persons in the business of selling or managing timeshare interests.
[[Image here]]
(5) Any individual, corporation, partnership, trust, limited liability company, joint venture, or other entity which sells, exchanges, leases, or manages its own property, except persons, corporations, partnerships, trusts, limited liability companies, joint ventures, and other entities who are in the business of selling timeshare interests.
The Montgomerys argued that this exemption applies only if the person or entity was selling, leasing, or managing its own property. They further contended that because the purported joint venture was not the owner of the property, the exemption did not apply to Torbert’s efforts to lease the Montgomerys’ property.
The court accepted the Montgomerys’ argument and found that since the joint venture did not own the property, Torbert was required to have a valid Louisiana real estate license in order to negotiate a lease of the Montgomerys’ property. Because it *1135 did not have such a license, Torbert could not enforce the terms of the alleged agreement. A judgment dismissing Torbert’s claims was signed on June 16, 2009, and this appeal followed.
APPLICABLE LAW
The peremptory exception pleading the objection of no right of action tests whether the plaintiff has any interest in judicially enforcing the right asserted. Falco Lime, Inc. v. Plaquemine Contracting Co., Inc., 95-1784 (La.App. 1st Cir.4/4/96), 672 So.2d 356, 359; see LSA-C.C.P. arts. 681 and 927(A)(6). Simply stated, the objection of no right of action tests whether this particular plaintiff, as a matter of law, has an interest in the claim sued on. Louisiana State Bar Ass’n v. Carr and Assoc., Inc., 08-2114 (La.App. 1st Cir.5/8/09), 15 So.3d 158, 165, unit denied, 09-1627 (Lajl0/30/09), 21 So.3d 292. Evidence supporting or controverting an objection of no right of action is admissible. Jackson v. Slidell Nissan, 96-1017 (La.App. 1st Cir.5/9/97), 693 So.2d 1257, 1261. The party raising a peremptory exception bears the burden of proof. Falco Lime, 672 So.2d at 359. To prevail on a peremptory exception pleading the objection of no right of action, the defendant must show that the plaintiff does not have an interest in the subject matter of the suit or legal capacity to proceed with the suit. Jones v. McDonald’s Corp., 618 So.2d 992, 995 (La.App. 1st Cir.1993). Whether a plaintiff has a right of action is ultimately a question of law; therefore, it is reviewed de novo on appeal. Jackson v. St. Helena Parish Sheriff’s Dept., 01-2792 (La.App. 1st Cir.11/8/02), 835 So.2d 842, 844.
In contrast, an exception of no cause of action questions whether the law extends a remedy against the defendant to anyone under the factual allegations of the petition. Badeaux v. Southwest Computer Bureau, Inc., 05-0612 (La.3/17/06), 929 So.2d 1211, 1217. The peremptory exception of no cause of action is designed to test the legal sufficiency of a petition by determining whether a party is afforded a remedy in law based on the facts alleged in the pleading. Everything on Wheels Subaru, Inc. v. Subaru South, Inc., 616 So.2d 1234, 1235 (La.1993); see LSA-C.C.P. art. 927(A)(5). A1 well-pleaded allegations of fact are accepted as true and correct, and all doubts are resolved in favor of sufficiency of the petition so as to afford litigants their day in court. Foti v. Holliday, 09-0093 (La.10/30/09), 27 So.3d 813, 817; see LSA-C.C.P. art. 865. The burden of demonstrating that a petition fails to state a cause of action is upon the mover. Foti, 27 So.3d at 817. In reviewing a district court’s ruling sustaining an exception of no cause of action, appellate courts conduct a de novo review, because the exception raises a question of law, and the district court’s decision is based only on the sufficiency of the petition. Badeaux, 929 So.2d at 1217.
ANALYSIS
Addressing first the Montgomer-ys’ contention that Torbert has no right of action, we are struck by the strong and explicit wording of LSA-R.S. 37:1436(D). That statute states that any person or entity who, directly or indirectly for another, “with the intention or upon the promise of receiving any valuable consideration, offers, attempts, |fior agrees to perform, or performs any single act described herein, ... shall be deemed a licensee or registrant within the meaning of this Chapter.” It further states that the commission of even a single act by an unlicensed person or entity will constitute a violation of the provisions of the Chapter. We note also that LSA-R.S. 37:1445 specifically states that no one can institute any action or suit *1136 in any court of this state for compensation for any act done or service rendered for which a real estate license was required, unless that person or entity was already licensed before offering to perform such act or service or procuring a promise to contract for payment of compensation for such contemplated act or service. It is very clear from these provisions that persons conducting transactions involving immovable property, unless they are exempted from these provisions, must have a real estate license before taking any action in furtherance of such transactions.
Reading these provisions in pari materia with the exemptions provided in LSA-R.S. 37:1438, it would appear that a person or entity may conduct such transactions for its own property or as a representative of the owner of the property, but may not do so with the intention of being compensated for that transaction, unless that person holds a real estate license. In other words, a property owner may allow a trusted employee, family member, or friend to represent him and perform acts of ownership involving his property, and such acts would not violate the licensing requirements, unless the representative performs such acts for the purpose and with the intention of receiving a commission on the transaction. The owner may even agree to pay such compensation, but the representative may not sue to enforce any such agreement. See Brumfield v. Brumfield, 450 So.2d 1019, 1022 (La.App. 1st Cir.1984); Ponder v. Succession of Wall, 486 So.2d 209, 210 (La.App. 1st Cir. 1986).
Applying these tenets to the facts of the case before us, it is clear that the purported joint venture did not own the property that was intended to be leased.[3] That property was owned by the Montgomerys, and Torbert had no ownership interest in it. Therefore, even if Torbert and the Montgomerys had agreed that Torbert would act as | Rthe Montgomerys’ representative and attempt to obtain a lease with FEMA for the property, any compensation that was promised for such acts could not be legally enforced in this state unless Torbert had a valid real estate license. Accordingly, we find no error in the district court’s dismissal of Torbert’s suit on the grounds that it had no right of action.[4]
CONCLUSION
For the above reasons, the judgment dismissing Torbert’s claims against the Montgomerys is affirmed. All costs of this appeal are assessed against Torbert.
AFFIRMED.
McDONALD, J., dissents and assigns reasons.

. Louisiana Revised Statute 37:1436 provides, in pertinent part:
B. It shall be unlawful for any person or entity, directly or indirectly, to engage in or conduct, or to advertise or hold himself out as engaging in or conducting the business, or acting in the capacity, of a real estate broker or real estate salesperson within the state without first obtaining a license as such broker or salesperson, and being classed as an active licensee, as provided in this Chapter, unless he is exempted from obtaining a license as specified herein.
* * *
D. Any person, corporation, partnership, limited liability company, or other entity who, directly or indirectly for another, with the intention or upon the promise of receiving any valuable consideration, offers, attempts, or agrees to perform, or performs any single act described herein, whether as a part of a transaction, or as an entire transaction, shall be deemed a licensee or registrant within the meaning of this Chapter. The commission of a single act by such a person or entity required to be licensed or registered under this Chapter and not so licensed or registered shall constitute a violation of the provisions of this Chapter.

. Louisiana Revised Statute 37:1445 states:
No action or suit shall be instituted, nor recovery be had, in any court of this state by any person for compensation for any act done or service rendered, the doing or rendering of which is prohibited under the provision of this Chapter to other licensed brokers or licensed salespersons unless such person was duly licensed under this Chapter as a broker or salesperson prior to the time of offering to perform any such act or service or procuring any promise to contract for the payment of compensation for any such contemplated act of service.

. We note the record does not contain evidence establishing a contractual agreement or a joint venture between Torbert and the Mont-gomerys, other than the testimony of one of Torbert’s members, Mr. Charles Langlois, that a contractual agreement had been effected; he was unable to produce this document at the trial of the exceptions.

. Having determined that Torbert had no right of action, we pretermit consideration of whether it had a cause of action.