PER CURIAM.
The plaintiff in a suit for specific performance appeals a final judgment for the defendants. The suit prayed as follows:
“1. That this Court take jurisdiction of the parties hereto and of the subject matter of this cause.
“2. That upon final hearing hereof, this Court enter its appropriate decree mandatorily requiring Defendants, JOSEPH A. GARFIELD and JANET GARFIELD, his wife, to cause the conveyance of the real property described herein in accordance with the agreement between the parties, marked Exhibit ‘B’.
“3. That upon final hearing hereof, this Court upon appropriate decree order and direct the Defendant, JOSEPH A. GARFIELD, to execute the agreement marked Exhibit ‘B’ and perform such other and further steps or execute such other and further documents as may be be necessary and proper to complete the apartment building project contemplated by said agreement.”
*11 The trial court found (1) that no oral agreement or contract ever was reached between the plaintiff or any of the defendants relating to the subject matter of this action; (2) that if the parties had ever reached an oral agreement or contract, it-would have been within the purview of the Florida Statute of Frauds, § 725.01, Fla. Stat. F.S.A. and (3) that the equities in the action were with the defendants.
Our examination of the record and briefs convinces us that the decree is sustainable on any of the three grounds set forth. The final judgment is affirmed upon authority of the rule stated in Webster Lumber Co. v. Lincoln, 94 Fla. 1097, 115 So. 498 (1927).
Affirmed.