CARROLL, DONALD K., Judge.
The plaintiff in an action to foreclose mechanic’s liens has appealed from a final judgment entered by the Circuit Court for Duval County, dismissing his complaint with prejudice, and from an order denying his motion for a rehearing and for leave to amend his complaint.
The plaintiff filed his complaint against three corporations and six individuals, alleging that each defendant or group of defendants is the owner of separate lots of land upon which the plaintiff performed labor and services as an electrician or master electrician to improve the said lots pursuant to separate contracts executed between each defendant and the Consolidated Electric Company, a corporation.
*360 In the first paragraph of his complaint the plaintiff alleges that on July 28, 1969, the plaintiff entered into an oral agreement with Consolidated to serve as master electrician for work done permits signed by him (the permits being attached to the complaint as a part thereof); that, because of the city’s refusal to permit work under a Mr. Pickard to be continued unless the plaintiff assumed the responsibility for such work, the plaintiff and Consolidated immediately modified their agreement whereby the plaintiff became responsible for all prior and future work under Pick-ard’s permits; that it was further agreed that the plaintiff was guaranteed at least one complete year of work from January 1, 1970, to December 31, 1970, and to complete all work under any permits signed by the plaintiff for any particular job; that it was further agreed that, in the event the plaintiff was terminated as an employee of Consolidated, all money owed to the plaintiff for work and services already completed as well as money the plaintiff would receive for work not completed for which he was under agreement to complete would become due and payable upon the date of termination.
In the second paragraph of his complaint the plaintiff alleges that on March 4, 1970, Consolidated terminated the plaintiff’s employment, at which time he was performing services for improving the property of each of the defendants; that the total value of the plaintiff’s work and services at the time of the said termination of employment is $49,260.
After alleging the foregoing two paragraphs, the plaintiff alleges five counts in his complaint.
In each count the plaintiff re-alleges the above two paragraphs and further alleges that a particular defendant, or group of defendants, owns a described lot of land; that the said defendant or defendants entered into a written contract with Consolidated (a copy of which is attached as part of the complaint); that from the date of the said contract until his said employment was terminated, the plaintiff furnished labor and services; and that he filed his claim of lien on March 10, 1970, in the public records of Duval County, copies of which claim were served on the defendant or defendants; and that the total monies owed by them to the plaintiff is a pro rata share of $49,260.
To the foregoing complaint the defendants filed motions to dismiss, which were granted in the final judgment appealed from herein “on all grounds alleged, and plaintiff’s complaint is dismissed with prejudice as to all defendants.” Three days later the plaintiff filed a motion for rehearing and for leave to file an amended complaint. This motion was denied by the court in an order also appealed from herein.
The basic judicial problem before us, therefore, is to determine whether the plaintiff’s complaint, as set forth above, properly states a cause of action, or claim for relief, against the defendants; and whether, if the said complaint does not so state, the court abused its discretion in dismissing the complaint with prejudice and without leave to the plaintiff to file an amended complaint.
The standards by which to judge the sufficiency of a complaint are set forth in the Florida Rules of Civil Procedure, Rule 1.110, subdivision (b), 30 F.S.A. providing that a claim for relief “must state a cause of action and shall contain (1) a short and plain statement of the grounds upon which the court’s jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the ultimate facts showing that the pleader is entitled to relief and (3) a demand for judgment for the relief to which he deems himself entitled. Relief in the alternative or of several different types may be demanded. Every complaint shall be considered to pray for general relief.”
In Hankins v. Title and Trust Company of Florida, 169 So.2d 526 (Fla.App.1964), *361 we construed the quoted language to mean that, in actions other than declaratory judgment proceedings, the test for sufficiency of a complaint is whether, if its factual allegations are established by proof or otherwise, the plaintiff will be legally or equitably entitled to the claimed relief against the defendant.
Under the above and other rules of pleading, the Supreme Court of Florida held in Hotel & Restaurant Employees, etc. v. Boca Raton Club, 73 So.2d 867 (Fla.1954), that the distinction must be made between inexpert pleading and insufficient pleading.
Our Supreme Court also held in Wilson v. Lee Memorial Hospital, 65 So.2d 40 (Fla.1953), that, while a complaint must state a cause of action, it must never be overthrown by technical impediments that do not go to the merits of the cause.
The District Court of Appeal, Second District of Florida, held in Arcade Steam Laundry v. Bass, 159 So.2d 915 (Fla.App.1964), that a motion to dismiss is not the proper method of attacking a complaint that is insufficient only in alleging improper elements of damage or insufficiently alleges proper elements of damage.
Applying Rule 1.110(b) and the above decisional law to the complaint in the case at bar, we think that the complaint sufficiently states a cause of action in the foreclosure of the plaintiff’s mechanic’s liens against the lands of the defendants although the complaint may not have been artfully drawn in some minor respects, such as the allegations of the defendants’ “pro rata shares.” However, even if we did not so hold that the complaint sufficiently states a cause of action, we would be of the opinion that the court erred in dismissing the complaint with prejudice and in denying the plaintiff’s motion for leave to file an amended complaint. This court stated the prevailing view on this subject in Richards v. West, 110 So.2d 698 (Fla.App.1959), as follows:
“The advent of modern rules of procedure has brought with it the policy of allowing litigants to amend pleadings freely in order that causes may be tried on their merits. Granting leave to amend rests, of course, in the sound discretion of the trial court; but doubts should be resolved in favor of allowing amendment unless and until it appears that the privilege to amend will be abused.”
With respect to the amendability of the complaint in the instant case, we feel as we did in Weich v. Cook, Fla.App., 250 So.2d 281, opinion filed on July 8, 1971, as follows:
“We are unable to find, from the allegations in the complaint, that there exists no possibility of amending the complaint so as to state a cause of action. It is a well-settled rule of law that if a pleading informs the defendant of the nature of the cause of action against him, this shall be sufficient. Smith v. State, 204 So.2d 31 (Fla.App.3rd, 1967). Since the defects in the pleading complained of are minor, we feel that the third amended complaint is at least susceptible of being made more definite and certain.
“This opinion does not, of course, consider the merits of the controversy between the parties, but simply holds that procedural error was committed by the trial court in dismissing the complaint with prejudice.”
For the foregoing reasons the judgment and order appealed from herein must be and they are reversed, and the cause is remanded with instructions for further proceedings consistent with the views herein-above set forth.
Reversed and remanded with instructions.
SPECTOR, C. J., and WIGGINTON, J., concur.