277 So.2d 28 (1973)
L.C. MORRIS, INC., a Florida Corporation, Appellant,
v.
John F. ALLISON and David Jenkins, As Trustee, Appellee.
No. 72-879.
District Court of Appeal of Florida, Third District.
May 1, 1973.
Worley & Gautier, Miami, for appellant.
Horton, Schwartz & Perse, Miami, James M. Henderson, Homestead, for appellee.
Before PEARSON, CHARLES CARROLL and HAVERFIELD, JJ.
PEARSON, Judge.
Appellant filed a complaint containing five counts. The first count prayed for specific performance of an oral lease which was for a period of more than one year. That count was tried before the court and was ordered dismissed upon a finding that the prayed for relief was barred by the Statute of Frauds.[1] The second, third, fourth, and fifth counts were set for jury trial. After the jury had been impaneled for trial, the court entered a judgment dismissing the last four counts. This appeal is from the judgment granting dismissal of those counts.
The appellant concedes in argument that the second count was properly dismissed, so we therefore affirm the order of the trial judge as to that count. The third count alleges that during the period that appellant was operating on the land under an oral contract to excavate and remove limerock deposits, it stockpiled limerock, and placed equipment and supplies on the land, all of which are now being unlawfully detained by the appellees. The fourth count alleges conversion by the defendants of the same limerock, equipment and supplies. The fifth count alleges an unlawful enrichman of the defendants because of appellant's expenditure of labor and material. The counts are not artfully drawn. They are subject to an order of dismissal for the failure of the pleader to comply with Rule 1.110, R.C.P. 30 F.S.A. It does not appear, however, that appellant *29 is barred from a proper presentation of its claims. See Bowen v. G H C Properties, Ltd., Fla.App. 1971, 251 So.2d 359.
Appellees suggest that the trial court found from the facts that appellant, by its conduct, was estopped to recover on its claims. Such a finding would require a proceeding upon the facts, and will not support a judgment dismissing the counts without further proceedings.
The judgment appealed is affirmed as to the dismissal of the second count; the judgment of dismissal with prejudice as to the third, fourth, and fifth counts is reversed with directions to enter an order dismissing these counts with leave to amend.
Affirmed in part; reversed in part and remanded with directions.
NOTES
[1] "There was complete absence of evidence to establish any written executed contract of lease of the real property between the parties.

"The Court finds that the oral agreement, if any existed, for a three year lease of defendant ALLISON'S real property is within the Statute of Frauds, Section 725.01 F.S.A., and is therefore unenforceable. See Rovin v. Garfield, Fla. App. 1968 207 So.2d 10."