PER CURIAM.
The prior history of this case may be found in L. C. Morris, Inc. v. Allison, Fla. App.1973, 277 So.2d 28. After the filing of a mandate pursuant to that opinion, the trial judge allowed the plaintiff Morris to amend its complaint to attempt recovery upon an allegation that it was entitled to repayment for monies expended in the improvement of the defendant's property under the partially executed contract and upon the theory of quantum meruit. The cause went to trial upon these allegations and defendant’s answer thereto.
At the close of plaintiff’s evidence, the trial court directed a verdict for the defendant on the ground that the plaintiff had relied upon an express contract which, although oral in nature, was set forth specifically in a memorandum offered in evidence. See Triax, Inc. v. City of Treasure Island, Fla.App.1968, 208 So.2d 669 and Alfred S. Austin Construction Co. v. Narnia, Fla.App. 1969, 220 So.2d 36.
We hold that the trial court incorrectly directed a verdict because of an exception to the rule expressed in the above cases. The leading case of Hazen v. Cobb, 96 Fla. 151, 117 So. 853 (1928), specifically sets out that where a partially performed contract is put to an end by the defendant, the plaintiff may recover for its services under the theory of quantum meruit. It is by no means clear that the contract here referred to was put to an end by the actions of the defendant. Nevertheless, it was so alleged and the plaintiff did so testify at the trial. An issue was created which the jury must decide. Accordingly, the final judgment based upon the directed verdict is reversed and this cause is remanded for trial.
Reversed and remanded.