KEHOE, Judge.
Appellant brings this appeal from a judgment entered by the trial court granting appellees’ motion for a directed verdict and judgment notwithstanding the verdict. The judgment entered by the trial court was predicated upon two basic reasons: (1) that a previous order dated June 8, 1971, entered by a predecessor judge constituted the law of the case, thereby precluding appellant’s recovery, and (2) that the evidence affirmatively established appellees should prevail. We have concluded that the trial court erred in entering the judgment and that the jury verdict in favor of appellant should be reinstated.
The prior history of the instant case on appeal may be found in L. C. Morris, Inc., v. Allison, 277 So.2d 28 (Fla. 3d DCA 1973), and L. G. Morris, Inc., v. Allison, 309 So.2d 9 (Fla. 3d DCA 1975). Except to the extent discussed herein, it is unnecessary for us to reiterate these proceedings.
In L. C. Morris, Inc., v. Allison, 309 So.2d 9 (Fla. 3d DCA 1975), we held that a jury issue was created on Count III of appellant’s second amended complaint, which alleged a cause of action based on the theory of quantum meruit, and remanded the issue for trial. Implicit within that holding was the conclusion that the June 8, 1971 order, previously entered by a predecessor judge and relied upon in the judgment herein under review, neither established the law of the case or operated as res judicata of the issue remanded. Therefore, the first reason given by the trial court in support of its judgment is without validity.
The second reason relied upon by the trial court in entering the judgment appealed was that the evidence, when viewed in a manner most favorable to appellant, affirmatively showed that appellees should prevail. It is well settled that the correctness of the entry of a judgment notwithstanding the verdict should be tested by the same rules as are applicable to rulings on motions for directed verdicts. As stated by this court in Florida. Tomato Packers, Inc., v. Wilson, 296 So.2d 536, 540 (Fla. 3d DCA 1974), “[sjuch motions should be cautiously granted and affirmed, and then only when it can be said, after viewing the evidence and testimony in the light most favorable to the nonmoving party, that a jury could not reasonably differ as to the credibility of the witness, or the existence of a material fact or a material inference, and that the mov-ant is not entitled to judgment as a matter of law.”
After a thorough review of the record in the instant appeal, in light of the principles set forth above, we have concluded that the jury, based on the evidence and issues *137 presented to it, could have reasonably returned a verdict in favor of appellant on its theory of quantum meruit.
Because of this conclusion and our determination that the June 8, 1971, order of the trial court did not establish the law of this case or operate as res judicata, we hold that the trial court erred in entering its judgment dated July 22, 1976, granting appel-lees’ motion for directed verdict and judgment notwithstanding the jury verdict. [We note that the proper motion pursuant to Fla.R.Civ.P. 1.480(b), is a motion for judgment in accordance with motion for directed verdict. Sherman v. Lynch, 242 So.2d 799 (Fla. 3d DCA 1970)]. Therefore, the judgment entered by the trial court is reversed and the cause is remanded with instructions to reinstate the jury verdict in favor of appellant.
Reversed and remanded with instructions.