PER CURIAM.
This is an appeal from an order granting a new trial to the appellee, Kathleen G. Baudo. In this personal injury action the jury returned a verdict against the defendants, Steven B. Stratton and Hartford Accident & Indemnity Company, and in favor of the plaintiff-appellee, for $750,000.00. The jury also returned a verdict in favor of appellants, Hale Manufacturing Company and Employers Casualty Company, who were additional defendants in the court below. In the order granting a new trial on both liability and damages the trial court stated that the verdict as to appellants was against the manifest weight of the evidence. We conclude that this order does not sufficiently set out the reasons why the motion was granted so as to allow proper appellate review. In Wackenhut Corp. v. Canty, 359 So.2d 430 (Fla.1978) the Supreme Court stated:
Although an order for new trial need not incant language to the effect that the verdict is against the manifest weight of the evidence or was influenced by considerations outside the record, the order must give reasons which will support one of these two conclusions so that it will be susceptible of appellate review. See Thompson v. Williams, 253 So.2d 897 (Fla.3d DCA 1971). Orders granting motions for new trials should articulate reasons for so doing so that appellate courts may be able to fulfill their duty of review by determining whether judicial discretion has been abused. (Id. at 435)
Also see Fla.R.Civ.P. 1.530(f), which requires that orders granting new trials set out the specific reasons therefor. The ap-pellee, Baudo, has also cross-appealed the trial court’s order denying her motions for directed verdict. We find no error in such rulings.
Accordingly, jurisdiction is hereby relinquished to the trial court in accordance with the provisions of Fla.R.Civ.P. 1.530(f) for a period of 30 days so that the trial court may enter an order specifying the grounds for granting the new trial.
ANSTEAD and LETTS, JJ., and JOHNSON, TOM, Associate Judge, concur.