386 So.2d 306 (1980)
James A. KIKIS, Appellant,
v.
FORD MOTOR COMPANY, Appellee.
No. 79-197.
District Court of Appeal of Florida, Fifth District.
July 30, 1980.
Walter R. Moon and Edward Casoria, Jr. of Rush, Marshall, Bergstrom & Robison, P.A., Orlando, for appellant.
Monroe E. McDonald of Sanders, McEwan, Mims & McDonald, Orlando, for appellee.
PER CURIAM.
This is an appeal from a judgment for the appellee, defendant below, which was entered after a motion for judgment notwithstanding a jury verdict was granted. The effect of the order was to grant the defendant's motion for judgment in accordance with motion for directed verdict. Tolliver v. Loftin, 155 Fla. 769, 21 So.2d 359 (1945); Sherman v. Lynch, 242 So.2d 799 (Fla.3d DCA), cert. denied, 246 So.2d 788 (1971). See also L.C. Morris, Inc. v. Allison, 353 So.2d 135 (Fla.3d DCA), cert. denied, 359 So.2d 1210 (1978).
Both the order granting the directed verdict and the judgment for the defendant are in one document and are defective because they are not based upon sufficient grounds. It is not a technical deficiency in the order and judgment which causes us to reverse, although they are technically deficient.[1] Rather, it is because there was evidence in the record to support the jury *307 verdict and no reversible trial error occurred warranting either a judgment for the defendant or a new trial.[2]
The evidence showed that plaintiff cut the tendons and muscles to his index middle fingers of his right hand on a hubcap defendant designed and manufactured. Plaintiff had discovered a flat tire on his car and set about to change it. He used a screwdriver to loosen the hubcap using care to prevent this decorative hubcap from falling and being damaged. He gave a "final yank" and the hubcap flew into the air. He immediately reached for and grabbed the hubcap while it was in mid-air, his fingers entered a port hole and were severely cut by the sharp edge of this hole.
These facts raise a question about whether the accident was a foreseeable consequence of defendant's negligence in designing or manufacturing the hubcap. A foreseeable consequence is not what possibly might occur, or always occurs, but rather is a consequence which may be reasonably anticipated as a likely result of an act. See Firestone Tire & Rubber Co., Inc. v. Lippincott, 383 So.2d 1181 (Fla. 5th DCA 1980).
We conclude that an injury from the port hole of this particular hubcap could be found to be a likely result because of its sharp edges. With this issue of foreseeability resolved in favor of the plaintiff the evidence is sufficient to support the jury verdict. Although, along with the trial judge, we might have rendered a verdict for the defendant, it is not our function nor right to do so. The verdict having been supported by legally sufficient evidence must be reinstated and judgment on the verdict and for costs must be entered. Hernandez v. Motrico, Inc., 370 So.2d 836 (Fla.3d DCA 1979).
REVERSED AND REMANDED.
DAUKSCH, C.J., and COBB and FRANK D. UPCHURCH, Jr., JJ., concur.
NOTES
[1] Casset Avenue Mobile Homes, Inc. v. Bobenhausen, 363 So.2d 1065 (Fla. 1978); Wackenhut Corp. v. Canty, 359 So.2d 430, 435 (Fla. 1978); Cloud v. Fallis, 110 So.2d 669 (Fla. 1959); Hale Manufacturing Co. v. Baudo, 371 So.2d 1042, appeal after remand, 371 So.2d 1113 (Fla. 4th DCA 1979).
[2] In its order, the trial court provided that "should the foregoing Final Judgment be reversed by the Appellate Court, the defendant's Motion for New Trial ... is granted... ."